**Wayne SANDERS and Carol Sanders, Appellants,**

v.

**CONSTRUCTION EQUITY, INC. f/k/a Marino Investments, Appellee.**

No. 09–00–155–CV.

Court of Appeals of Texas, Beaumont.

Submitted March 8, 2001.

Decided April 19, 2001.

Christopher T. Kirchmer, Provost & Umphrey, Beaumont, for appellants.

William B. Coffey, Jr., Trey Browne, Adams & Coffey, P.C., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

Wayne and Carol Sanders ("the Sanders") purchased a home from Construction

Equity, Inc. ("Construction"), formerly known as Marino Investments, on February 20, 1992, and initially sued Construction, among others,[1] on February 22, 1994, for monetary damages arising out of a defective fireplace and gas logs that did not work properly. The Sanders filed their second amended petition on November 22, 1995, to add construction defect complaints. The Sanders' amended petition asserts causes of action based on the following theories of liability: violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, breach of contract, negligence, breach of various types of warranties, "and any other cause of action that may be applicable[.]" Construction filed a motion for summary judgment based on the statute of limitations and on the asserted preemptive bar of the Residential Construction Liability Act ("RCLA").[2] The trial court granted summary judgment and the Sanders filed this appeal.

## SUMMARY JUDGMENT STANDARD

■ A party who moves for summary judgment "must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law." *Havlen v. McDougall,* 22 S.W.3d 343, 345 (Tex.2000). When a defendant moves for summary judgment on an affirmative defense, defendant has the burden to conclusively establish that defense. *Id.*

## THE ISSUES

In issue one the Sanders assert that the discovery rule applies to their construction

1. The other defendants were later dismissed from the suit.

2. The Residential Construction Liability Act ("RCLA") is codified at TEX.PROP CODE ANN. §§ 27.01 (Vernon 2000). For purposes of this

suit, the applicable version of the statute is the following: Act of May 24, 1993, 73d Leg., R.S., ch. 797, 1993 Tex.Gen. Laws 3166–69 (amended 1995, 1999) (current version at TEX. PROP.CODE ANN. §§ 27.01–27.007 (Vernon 2000)).

defect claims. In issue two they assert that their subsequent complaints are not time barred because their second amended petition relates back to their first petition, which they contend was timely filed. In issue three the Sanders assert that RCLA does not create a cause of action and, therefore, does not preempt other causes of action.

Construction responds that the discovery rule does not apply and that the two year statute of limitations began to run on the date of sale of the house. Furthermore, Construction contends that the subsequent claims do not relate back to the filing of Sanders' original petition because, as Construction argues, the first pleading was not timely filed and the new complaints do not relate to the construction defects asserted in the first pleading. In any event, Construction maintains that all of the Sanders' claims are barred by RCLA.

## The Statute of Limitations

At oral argument on appeal, the Sanders raised for the first time a "calendar" issue. The Sanders directed this Court to Section 16.072 of the Texas Civil Practices & Remedies Code and noted the following: the running of the two year limitations period fell on a weekend; the date of the purchase of the home was February 20, 1992; February 20, 1994, was a Sunday; Monday, February 21, was President's Day; and February 22, 1994, was the first day the courthouse was open for them to file their first pleading. According to the Sanders, pursuant to section 16.072, as set out below, they filed their original petition timely:

> If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the peri-od for filing suit is extended to include the next day that the county offices are open for business.

Tex.Civ.Prac. & Rem.Code Ann. § 16.072 (Vernon 1997).

■ In *Harper v. American Motors Corp.*, 672 S.W.2d 44, 45 (Tex.App.—Houston [14th Dist.] 1984, no writ), the court reversed a summary judgment under the predecessor statute to Section 16.072. Based on summary judgment proof that the first Monday after Thanksgiving was the first day the courthouse was open after the holiday, the court held that the lawsuit was timely filed, because the last day of the limitations period fell on a state holiday when the courthouse was closed. A difference in our case is that the Sanders did not present the "calendar" issue to the trial court and, in fact, did not raise the matter until oral argument before this Court. However, we will take judicial notice that Monday, February 21, 1994, was indeed a state holiday when the courthouse was closed. *See* Tex.R.Evid. 201; *see also Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex.1992). Despite the lateness of appellants' assertion, the language of Section 16.072 and the days of the year are beyond dispute. The first pleading was timely filed even using the two year statute of limitations asserted by appellee.

## The Discovery Rule

■ Filed in November 1995, the Sanders' second amended petition asserts new claims unrelated to the fireplace and gas log problems; this petition was filed more than two years but less than four years after the sale of the house. Of the five causes of action asserted therein, the breach of warranty, fraud, and breach of contract claims are governed by a four

year statute of limitations,[3] while the negligence and DTPA claims are governed by a two year statute of limitations.[4] Because the fraud, breach of contract, and breach of warranty claims, based on the unrelated construction defects, were filed within four years of the sale of the house, they are not barred by limitations. What remains to be considered, therefore, is whether the discovery rule is to be applied to the new construction defect claims—grounded in negligence and the DTPA—that the Sanders asserted for the first time in their second amended petition.

▓▓▓ Limitations begins to run when the cause of action accrues. *See Trunkhill Capital, Inc. v. Jansma*, 905 S.W.2d 464, 467 (Tex.App.—Waco 1995, writ denied). The discovery rule is an exception to this rule of accrual. *See Patrick v. Howard*, 904 S.W.2d 941, 944 (Tex.App.—Austin 1995, no writ). In cases in which the discovery rule applies, the cause of action does not accrue and the limitations period does not begin to run until the plaintiff knows or, exercising reasonable diligence, should know of the facts giving rise to a cause of action. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

▓▓▓ However, we need not address the discovery rule issue here. A party must plead the discovery rule before it has applicability. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999) (When plaintiff pleads discovery rule as an exception to limitations, the defendant must negate that exception.); *see also Hall v. Stephenson*, 919 S.W.2d 454, 468 (Tex.

App.—Fort Worth 1996, writ denied) (In summary judgment context, the plaintiff seeking to avoid limitations has burden of pleading the discovery rule.). The Sanders did not assert the discovery rule in their petition. Although they did raise the discovery rule in their response to Construction's motion for summary judgment, they did so only in response to Construction's assertion that the Sanders' original petition pleading was not timely filed; in response to Construction's assertion that the second amended petition was time-barred, the Sanders relied solely on the relation-back doctrine, not the discovery rule. The reason is obvious. Appellants filed an affidavit signed by Wayne Sanders with their response to the motion for summary judgment. The affidavit states that "[w]e did not discover any construction defects ... until March, 1992." The Sanders presented no other evidence as to when they discovered the construction defects. This affidavit, in effect, told the trial court that the new claims based on negligence and the DTPA should have been filed by March 1994, even assuming applicability of the discovery rule.

The Sanders' negligence and DTPA claims arising out of the "newly-discovered" construction defects were filed in November 1995, more than two years after their discovery. Because appellants did not properly plead the discovery rule and because their own summary judgment proof demonstrates the discovery rule does not preserve their negligence and DTPA claims based on defects first asserted in their second amended petition, we overrule

**3.** *See Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 668 (Tex.1999) (Statute of limitations for breach of warranty is four years.); *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 539 (Tex.App.—San Antonio 1999, pet. denied) (Statute of limitations for fraud and breach of contract is four years.).

**4.** *See LaRue v. GeneScreen, Inc.*, 957 S.W.2d 958, 960 (Tex.App.—Beaumont 1997, pet. denied) (Statute of limitations for negligence is two years.); *see* TEX.BUS & COM.CODE ANN § 17.565 (Vernon 1987) (Statute of limitations for a DTPA claim is two years.).

issue one. Under the pleadings and facts of this case, the discovery rule does not apply.

### Relation–Back

■ The Sanders cite TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997) in support of their relation-back argument in issue two. This section provides, in essence, that an amendment of a timely-filed pleading will be considered timely filed unless the amendment "is wholly based on a new, distinct, or different transaction or occurrence." *See id.* Construction argues that the original pleading expressly dealt with a problem with the fireplace and gas logs and that the host of new complaints, raised by amendment to the pleadings after the running of the two year statute of limitations for the negligence and DTPA claims, are "wholly based on a new, distinct, or different transaction or occurrence."

We agree. While it is true that the defects added by the second amended petition all arise out of the building and the sale of the house, the original pleading was specific. The Sanders complained only of the "defective fireplace and/or logs" and the consequential damages flowing from those defects. The new complaints do not relate to the fireplace and logs at all, but are a myriad of complaints terminating in the conclusion by the Sanders that the house was just poorly constructed overall.

■ The statute of limitations serves to require a complaining party to bring a claim within a reasonable time so as to prevent stale or fraudulent claims from being brought against a surprised defendant after the evidence to support the defense has been lost. *See Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816, 820 (1950). As a house becomes older and the time from construction passes, the ability is lost to counter claims that some-

thing is a construction defect resulting from negligence, rather than a result of normal use, misuse, or deterioration. If these complaints had been brought within two years, the defendant would have been timely put on notice and given an opportunity to investigate and defend the negligence cause of action and DTPA claims.

■ We recognize that the purpose of Section 16.068 is to limit the application or the reach of the statute of limitations to amended pleadings. *See Guajardo v. Liberty Mut. Ins. Co.,* 831 S.W.2d 358, 364 (Tex.App.—Corpus Christi 1992, writ denied) (citing *Ex parte Goad,* 690 S.W.2d 894, 896 (Tex.1985)). In many lawsuits under RCLA, new claims could possibly be said to relate back to the original petition, but not here. The original petition was narrowly focused, and the parties were obviously dealing with one claim—the harm relating to the "defective fireplace and/or gas logs." We hold that the defects asserted in the second amended pleading do not relate back to the timely-filed initial pleading.

We overrule appellants' issue two in part. The original pleading was timely filed. The subsequent new claims asserted in the second amended petition that are based on negligence and the DTPA were not asserted in the original pleading and are barred by limitations; however, the breach of contract, fraud, and breach of warranty claims based on the newly-added construction defects are governed by a four year statute of limitations and were timely filed when asserted for the first time in the second amended petition.

### THE PREEMPTIVE EFFECT OF RCLA

Construction argues that RCLA bars all of the Sanders' claims. We are asked to consider this issue in this appeal as an alternative basis for upholding the sum-

mary judgment. Because we have held that some of plaintiffs' claims were timely filed and not barred by limitations, we consider the preemption issue. We are cited to case law holding that RCLA is a complete bar to certain causes of action, including the negligence, breach of contract, and breach of warranty claims asserted here. *See Bruce v. Jim Walters Homes, Inc.*, 943 S.W.2d 121 (Tex.App.—San Antonio 1997, writ denied) (all asserted claims but fraud claims held barred).

 Our purpose in construing any statute is to give effect to the Legislature's intent in enacting the law. Tex.Gov't Code Ann. § 312.005 (Vernon 1998); *Cash America Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 16 (Tex.2000). Absent a clear expression of intent by the Legislature to abrogate common law claims, courts will not deprive a person of common law rights. *See id.* at 16. We are to consider "the statute's language, history, and purposes and the consequences of alternative constructions." *Id.* We first look at "the statute's plain and common meaning." *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). Since the Legislature is presumed to intend the plain meaning of its words, we must—if possible—ascertain legislative intent from the language used in the statute rather than from extraneous matters. *Id.* We may not add words into a statutory provision, absent "truly extraordinary circumstances showing unmistakable legislative intent." *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.* 996 S.W.2d 864, 867 (Tex.1999).

 RCLA was amended in 1999 and now expressly provides that RCLA does not create a cause of action. *See* Tex.Prop. Code Ann. § 27.005 (Vernon 2000). Although no prior version of the statute contained that provision, we believe the prior law, like the current statute, did not create

a cause of action. The statute itself does not provide a complete structure for liability. RCLA contains no description of what conduct will result in liability and certainly no express statement of the elements of a cause of action. We cannot craft a cause of action from the various pieces of the statute; for example, the lack of a liability provision cannot be interpreted to mean the statute imposes strict liability for construction defects. To so interpret the statute would be to add language which is simply not there.

In part, Chapter 27 provides defenses, limits damages, and determines the standard of causation. *See* §§ 27.003, 27.004, 27.006. The statute also sets forth notice provisions and encourages settlement through its procedures. *See* § 27.004. Clearly, Chapter 27 modifies causes of action for damages resulting from construction defects in residences; but it does not provide the basis for a liability determination. The statute does not create a cause of action, but instead simply limits and controls causes of action that otherwise exist.

Chapter 27 does contain a section providing that, to the extent RCLA conflicts with any other law, RCLA prevails over that "other law." *See* § 27.002. This last provision is the language the *Bruce* court relied on in holding that the statute bars negligence, breach of contract, and breach of warranty claims. *See Bruce*, 943 S.W.2d at 124. At the time this lawsuit was filed, Section 27.002 read as follows:

> This chapter applies to any action to recover damages resulting from a construction defect, except an action for personal injury, survival, or wrongful death or for damage to goods. **To the extent of conflict between this chapter and any other law,** including the Deceptive Trade Practices–Consumer Protection Act (Subchapter E, Chapter 17,

Business & Commerce Code), this chapter prevails. (emphasis added)

Act of May 24, 1993, 73rd Leg., R.S., ch. 797, § 3, section 27.002, 1993 Tex.Gen. Laws 3166, 3167. To determine whether a theory of liability is completely barred by the statute, rather than simply modified, it is necessary to review "the extent" to which the Act conflicts with the specific cause of action. The quoted preemption language from the statute contemplates that the courts must determine whether a law conflicts with RCLA and then determine to what extent the "other law" is preempted by RCLA. We consider each cause of action asserted by plaintiffs to determine if the take-nothing summary judgment based on preemption was proper.

■ **Negligence:** Construction asserts in its brief that "the Act is couched in terms of negligence." The statute does provide that "the claimant must prove that the damages were **proximately caused** by the construction defect." *See* § 27.006 (emphasis added). In addition, the 1993 version of the statute provides, in pertinent part in Section 27.003, that "a contractor is not liable for any percentage of damages, caused by: (1) **negligence** of a person **other than** the contractor or an agent, employee, or subcontractor of the contractor[.]" (emphasis added). This language contemplates that a negligence cause of action against the contractor is not barred completely by the statute; otherwise there would be no need to provide for limitations on negligence liability.

■ **Fraud:** If the alleged fraud pertains to "a matter concerning the design, construction, or repair of a new residence," the statute expressly governs the claim. *See* § 27.001(2) (definition of "construction defect"). We do not believe the legislative

purpose of the statute was to encourage fraudulent behavior; nor do we believe the statute has that effect. We do believe the statute was designed to encourage settlement of disputes concerning construction defects, whatever the alleged liability basis for the defect. While the statute does not bar a fraud claim, it does govern the claim to the extent of any conflict between the fraud claim and RCLA.

■ **DTPA:** The DTPA is the only cause of action expressly mentioned in the preemption section of RCLA. *See* § 27.002 (quoted above). As of September 1, 1995, the DTPA itself expressly provides that RCLA "prevails over this subchapter **to the extent of any conflict.**" *See* Tex.Bus. & Com.Code Ann. § 17.44(b) (Vernon Supp. 2001) (emphasis added). The DTPA is also mentioned in Section 27.004(m)[5] of the 1993 version of RCLA, which provided as follows:

> The inspection and repair provisions of this chapter are in addition to any rights of inspection and settlement provided by common law or by another statute, including Section 17.505, Business & Commerce Code.

We think it unreasonable to assume the Legislature would specifically retain the rights of inspection and settlement provisions of the DTPA in a claim governed by RCLA and yet not intend for the liability structure of the DTPA giving rise to those rights of inspection and settlement to continue to exist-because RCLA does not itself provide a basis for liability.

■ **Breach of contract and breach of warranty:** The statute was amended in 1999 and now specifically provides that a contract for the sale of a residence shall include certain language referencing the statute and its notice provisions, inspection and cure requirements, and damage limita-

---

**5.** This portion of the statute is now section 27.004(*o*).

tions. *See* § 27.007. The statute in part provides that residential sales contracts must include the following language, among other notices:

> "If you have a complaint concerning a construction defect **arising from the performance of this contract** and that defect has not been corrected **through normal warranty service,** you must provide notice regarding the defect to the contractor by certified mail, return receipt requested, not later than the 60th day **before the date you file suit** to recover damages in a court of law." (emphasis added).

We believe this language of the statute clearly authorizes suits for breach of warranty and breach of contract **after** the pre-suit requirements of the statute are completed. Although these contract requirements were added in 1999, we believe the requirements recognize that the prior statute authorized breach of contract and breach of warranty lawsuits; the 1999 amendment simply gives the purchaser notice in the contract of the pre-suit requirements. It would be an anomaly for a statute to anticipate that a written contract and warranty would be given to a purchaser and yet completely bar a claim for breach of the contract or warranty. We do not believe the Legislature intended the statute to completely bar all breach of contract and breach of warranty lawsuits.

■ *Exemplary Damages:* Plaintiffs claim exemplary damages. RCLA restricts and caps "damages." The last issue we decide is whether claims for exemplary damages are recoverable in a RCLA governed claim.

RCLA does not mention exemplary damages. The statute does state that only those damages set forth in the statute are recoverable. The common-law provides "no meaningful guidance" regarding whether the term "damages" should be interpreted to include exemplary damages. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 892 (Tex.2000). In *Auld,* the Texas Supreme Court looked to legislative intent in holding that the term "damages" did not include "exemplary damages" under the damages cap provision of a different statute. The legislative history here provides little guidance. What we do have is an indication that RCLA was intended to restrict DTPA damages recoverable in a claim governed by RCLA; but that does not answer the question of what is meant by "damages" in the statute. *See* § 27.002.

Despite the limitation of the guidance provided by the common law and the legislative history, we note that rather than compensating the injured party exemplary damages serve the purpose of punishing the liable party and protecting the public. *See Owens-Corning Fiberglas v. Malone,* 972 S.W.2d 35, 39–40 (Tex.1998). Furthermore, the recoverable, listed damages in RCLA are all compensatory damages. *See* §§ 27.002(a), § 27.004(f).[6] Considering the different purposes of exemplary and compensatory damages and considering the statute's purpose to compensate for such things as repair costs, we believe the term "damages" within the language of the statute refers to compensatory damages, not exemplary damages. We hold that the statute does not bar recovery of exemplary damages.

We sustain appellants' issue three; the statute is not a complete bar to their claims.

## Conclusion

We hold that the Sanders' negligence and DTPA claims not asserted in the first

---

**6.** Section 27.004(f) in the 1993 version of the statute is now Section 27.004(h).

timely-filed pleading are barred by limitations; the breach of contract, fraud, and breach of warranty claims are governed by a four year statute of limitations and are not barred. We hold that none of the asserted causes of action are barred in their entirety by RCLA, although all of the claims asserted here are governed in part by RCLA.

We affirm the summary judgment in part, reverse in part, and remand the case to the trial court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.