**Randy and Barbara GENTRY, Appellants**

v.

**SQUIRES CONSTRUCTION, INC. and Lewis Almon Squires, Appellees.**

No. 05–04–00762–CV.

Court of Appeals of Texas, Dallas.

March 27, 2006.

Charles F. Holmans III, Dallas, for Appellant.

Joe E. Weis, Pemberton Green Newcomb & Weis, Greenville, for Appellee.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Randy and Barbara Gentry appeal the trial court's judgment in favor of Squires Construction, Inc. and against the Gentrys on their counter-claims against Squires Construction and third-party claims against Lewis Almon Squires. The trial court awarded Squires Construction its reasonable costs for labor and materials under the theory of quantum meruit in the amount of $16,134 and ordered each party to bear its own costs and attorneys' fees.

The Gentrys raise fourteen issues that generally argue four points: (1) the trial court erred when it concluded Squires Construction was entitled to be paid for work done under the theory of quantum merit, the Gentrys claims were preempted by the Texas Residential Construction Liability Act (RCLA), and the Gentrys were not entitled to attorneys' fees; (2) the evidence was legally and factually insufficient to support the trial court's finding that Squires Construction had made a reasonable settlement offer and the evidence required the trial court to find that Squires Construction filed a fraudulent lien; (3) the trial court abused its discretion when it failed to rescind the contract; and (4) the trial court erred when it failed to award the Gentrys damages and statutory penalties on their claims.

Squires Construction cross-appealed. In Squires Construction's sole issue, it argues the trial court erred when it concluded that it was not entitled to attorneys' fees.

We conclude the trial court did not err when it concluded Squires Construction was entitled to be paid for work done under the theory of quantum meruit and the Gentrys were not entitled to attorneys' fees. However, the trial court erred when it concluded the Gentrys' claims were preempted by the RCLA and Squires Construction was not entitled to attorneys' fees. We also conclude the evidence is legally and factually sufficient to support the trial court's findings of fact. The trial court's judgment is affirmed, in part, and reversed and remanded, in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Gentrys contacted Squires Construction about building a house. The Gentrys showed Squires Construction a photograph of what they wanted their new home to look like, but they did not have any blueprints. Squires Construction told the Gentrys it could build the home based on its own drawings because the Gentrys wanted to save money. Then, the Gentrys entered into a written contract with Squires Construction. Under the contract, the Gentrys were going to purchase several items and do some of the work themselves. The parties agreed that Squires Construction would be paid through the lender by submitting draw requests.

When Squires Construction made its final draw request to the lender, the Gentrys refused the payment. The Gentrys complained of numerous construction defects, including the first floor of their home was built with eight foot ceilings instead of ten foot ceilings as called for by the building plans, problems with the front porch, and leaking windows that were not caulked.

Squires Construction sued the Gentrys for breach of contract and foreclosure of the lien, or in the alternative quantum meruit. The Gentrys filed counter-claims against Squires Construction and third-party claims against Squires alleging breach of contract, breach of implied warranty, violations of the DTPA, and fraud, or in the alternative seeking rescission of the contract. After the Gentrys filed their

counter- and third-party claims, Squires Construction inspected the property and made a settlement offer, which was rejected.

The case was tried before the court. After the trial, the trial court rendered judgment in favor of Squires Construction under the alternative theory of quantum meruit in the amount of $16,134. All relief requested by the Gentrys was denied. Squires Construction requested findings of fact and conclusions of law and both Squires Construction and the Gentrys filed motions for new trial. The trial court issued findings of fact and conclusions of law and the motions for new trial were overruled by operation of law.

## II. CONCLUSIONS OF LAW

In issues one, two, three, ten, twelve, and thirteen, the Gentrys argue the trial court erred when it concluded: (1) Squires Construction was entitled to be paid for work done under the theory of quantum merit after finding it did not substantially comply with the contract; (2) their claims against Squires Construction and Squires were preempted by the RCLA[1]; and (3) they were not entitled to attorneys' fees on their breach of contract and fraud claims. In Squires Construction's cross-appeal, it argues the trial court erred when it concluded they were not entitled to attorneys' fees.[2]

### A. Standard of Review

An appellate court conducts a de novo review of a trial court's legal conclusions. *Ramirez v. Hariri*, 165 S.W.3d 912, 915 (Tex.App.-Dallas 2005, no pet.). A trial court's conclusions of law are independently evaluated to determine whether the trial court correctly drew the legal conclusions from the facts. *See Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex.App.-Dallas 1997), *pet. denied per curiam*, 977 S.W.2d 562 (Tex.1998); *Dallas Morning News Co. v. Bd. of Trustees*, 861 S.W.2d 532, 536 (Tex.App.-Dallas 1993, writ denied). However, incorrect conclusions of law will not require a reversal if the controlling findings of fact will support the judgment under a correct legal theory. *See Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ).

### B. Conclusion that Squire Construction Entitled to Recover Under Quantum Meruit

In their first and second issues, the Gentrys argue the trial court erred when it concluded Squires Construction was entitled to be paid for work done under the theory of quantum meruit after finding it did not substantially comply with the contract. Squires Construction responds that quantum meruit is a viable cause of action for a construction contractor who has not substantially performed the underlying contract.

#### 1. Applicable Law

■■■ Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Recovery under the theory of quantum meruit is prohibited if an express contract cov-

1. We note that in their appellate brief, the Gentrys do not specifically challenge the trial court's respective conclusions of law in those precise words. However, it is clear from their arguments that is the nature of the error claimed.

2. We note that in their appellate briefs, neither the Gentrys nor Squires Construction specifically challenge the trial court's respective conclusion of law in those precise words. However, it is clear from their arguments that is the nature of the error claimed.

ers the services or materials for which the claimant seeks recovery. *Truly v. Austin,* 744 S.W.2d 934, 936 (Tex.1988). However, there is an exception with respect to construction contracts. *See id.* at 937. A contractor may recover the reasonable value of the services rendered and accepted or the materials supplied under the theory of quantum meruit if: (1) the services rendered and accepted are not covered by the contract; (2) the contractor partially performed under the terms of an express contract, but was prohibited from completing the contract because of the owner's breach; or (3) the contractor breached but the owner accepted and retained the benefits of the contractor's partial performance. *See Truly,* 744 S.W.2d at 936–37; *DiMiceli v. Affordable Pool Maintenance, Inc.,* 110 S.W.3d 164, 169–70 (Tex.App.-San Antonio 2003, no pet.); *Garcia v. Kastner Farms, Inc.,* 789 S.W.2d 656, 661 (Tex.App.-Corpus Christi 1990, no writ). *But see Robbins v. Payne,* 55 S.W.3d 740, 747 (Tex. App.-Amarillo 2001, pet. denied) (if contractor breaches contract, exception to general rule does not apply and precludes recovery under quantum meruit); 10 Tex. Jur. 3d *Building Contracts* § 62 (citing *Simons v. Paine,* 140 S.W. 855 (Tex.Civ. App.-San Antonio 1911, writ ref'd); *Am. Sur. Co. of N.Y. v. Gonzales Water Power Co.,* 211 S.W. 251, 255 (Tex.Civ.App.-San Antonio 1919, writ ref'd)).

## 2. Application of the Law to the Facts

 The Gentrys challenge the trial court's third conclusion of law, which states:

3) [Squires Construction] is entitled to be paid for work done on a quantum meruit basis.

The Gentrys contend the trial court's findings of fact do not support the third conclusion of law. They point to the following findings:

2) [Squires Construction's] proposal to build [the Gentrys'] house (Plaintiff's Exhibit # 1), which was accepted by [the Gentrys], specified "The first floor will have 10' walls ..."

3) The undisputed testimony is that the first floor has 8 ft [sic] walls.

5) Although the testimony varies as to whether there was an agreement to change to 8 foot walls on the first floor, there is no dispute that no written alteration of the plans was ever executed.

6) [The Gentrys] did not waive the requirement of having 10 foot walls on the first floor.

7) [Squires Construction] did not substantially comply with the contract.

 The Gentrys and Squires Construction confuse the application of the doctrine of substantial compliance. It will not normally prohibit the implementation of the theory of quantum meruit.[3] Never-

**3.** The doctrine of substantial performance is a separate form of equitable relief from quantum meruit. The doctrine of substantial performance allows a contractor who has performed under the contract to sue on the contract. *Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990) (op. on reh'g, per curiam). A contractor may also assert the doctrine of substantial performance as an affirmative defense to a breach of contract claim. *See Smith v. Smith,* 112 S.W.3d 275, 279 (Tex.App.-Corpus Christi 2003, pet. denied).

Substantial performance is a condition precedent to a contractor's right to bring a lawsuit on the contract. *Atkinson v. Jackson Bros.,* 270 S.W. 848, 850 (Tex. Comm'n App. 1925, holding appr'd); *TA Operating Corp. v. Solar Applications Eng'g, Inc.,* —— S.W.3d ——, ——, No. 04–04–00180–CV, 2005 WL 2401879, at *3 (Tex.App.-San Antonio Sept.28, 2005, no pet.). The doctrine of substantial performance recognizes the contractor has not completed construction and is in breach of the contract. *See Dobbins,* 785 S.W.2d at 378; *Vance v. My Apartment Steak*

theless, we review the trial court's conclusions of law de novo.

Although the trial court found that Squires Construction failed to substantially comply with the contract, there was evidence that it partially performed under the contract and the Gentrys accepted and retained the benefits of Squires Construction's partial performance. Accordingly, we conclude the trial court did not err when it concluded Squires Construction was entitled to be paid its costs for labor and materials under the theory of quantum meruit.

The Gentrys' first and second issues are decided against them. The trial court's judgment is affirmed, in part, with respect to its third conclusion of law determining that Squires Construction is entitled to be paid for work done on a quantum meruit basis.

### C. Preemption Under the RCLA

In their third issue, the Gentrys argue the trial court erred when it concluded their claims were preempted by the RCLA. Squires Construction and Squires respond that the trial court did not abuse its discretion because it found they complied with the "reasonable offer" provisions of the RCLA.

### 1. Applicable Law

■ The RCLA does not create a cause of action because it does not: (1) provide a complete structure for liability or (2) contain a description of what conduct will result in liability or an express statement of the elements of a cause of action. *See* TEX. PROP.CODE ANN. § 27.005 (Vernon 2000); *Sanders v. Construction Equity, Inc.*, 42 S.W.3d 364, 370 (Tex.App.-Beaumont 2001, pet. denied). Instead, the RCLA modifies causes of action for damages resulting from construction defects in residences by limiting and controlling causes of action that otherwise exist. *See Sanders*, 42 S.W.3d at 370. The RCLA provides defenses, limitations on damages, and determines the standard of causation. *See* TEX. PROP.CODE ANN. §§ 27.003, 27.004, 27.006 (Vernon 2000 & Supp.2005); *Sanders*, 42 S.W.3d at 370. Also, the RCLA sets forth notice provisions and encourages settlement through its procedures. *See* TEX. PROP.CODE ANN. § 27.004; *Sanders*, 42 S.W.3d at 370. However, the RCLA does prevail over any conflict between it and

*House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex.1984); *Solar Applications*, at ——, 2005 WL 2401879, at *3; *Patel v. Ambassador Drycleaning Co.*, 86 S.W.3d 304, 306–07 (Tex. App.-Eastland 2002, no pet.). However, the doctrine assumes, if there is substantial performance, the breach is immaterial. *See Atkinson*, 270 S.W. at 851; *Solar Applications*, at ——, 2005 WL 2401879, at *3; *Patel*, 86 S.W.3d at 306–07.

Under the doctrine of substantial performance, a contractor may recover the full contract price less the cost of remedying those defects that are remediable. *Vance*, 677 S.W.2d at 481. If the owner counterclaims alleging the contractor is in breach of the construction contract, the owner's measure of damages is the cost of completing the job or of remedying those defects that are remediable. *Weitzul Constr., Inc. v. Outdoor Environs*,

849 S.W.2d 359, 363 (Tex.App.-Dallas 1993, writ denied). However, if the owner has paid only part of the contract price to the contractor, then the amount of the owner's damages is credited against the balance of his payments owed on the contract. *Id.*

The contractor bears the burden of proof under the doctrine of substantial performance. *See Vance*, 677 S.W.2d at 482; *Weitzul*, 849 S.W.2d at 363; *Interfirst Bank Dallas, N.A. v. U.S. Fidelity & Guar. Co.*, 774 S.W.2d 391, 402 (Tex.App.-Dallas 1989, writ denied). The contractor must prove: (1) he substantially performed in accordance with the contract; (2) the consideration owed to him under the contract; and (3) the cost of remedying the defects due to his errors or omissions. *See Vance*, 677 S.W.2d at 483; *Weitzul*, 849 S.W.2d at 363.

any other law, including the DTPA or a common law cause of action. *See* TEX. PROP.CODE ANN. § 27.002 (Vernon Supp. 2005); *Sanders,* 42 S.W.3d at 370.

The RCLA does not preempt the DTPA. *See Sanders,* 42 S.W.3d at 371; *see also In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522, 526 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding). The DTPA is the only cause of action mentioned in the application section of the RCLA. *See* TEX. PROP.CODE ANN. § 27.002; *Sanders,* 42 S.W.3d at 371. The DTPA is also mentioned in section 27.004(m), which provides that "[t]he inspection and repair provisions of the RCLA are in addition to any rights of inspection and settlement provided by common law or by another statute, including Section 17.505 [of the DTPA]." *See* TEX. PROP.CODE ANN. § 27.004(m); *Sanders,* 42 S.W.3d at 371. Further, the DTPA provides that the RCLA "prevails over this subchapter to the extent of any conflict." TEX. BUS. & COM.CODE ANN. § 17.44(b) (Vernon 2002); *see Sanders,* 42 S.W.3d at 371. It is unreasonable to assume the Texas Legislature retained the rights of inspection and settlement under the DTPA, but preempted the liability structure under the DTPA that gives rise to those rights. *Sanders,* 42 S.W.3d at 371.

 The RCLA does not preempt and clearly authorizes suits for breach of contract or breach of warranty after the pre-suit requirements have been completed. *Sanders,* 42 S.W.3d at 372; *see also Kimball,* 969 S.W.2d at 526. The RCLA provides that a residential sales contract must include language that references the RCLA and its notice provisions, inspection and cure requirements, and damage limitations. *See* TEX. PROP.CODE ANN. § 27.007. It would be an anomaly for a statute to anticipate that a written contract and warranty would be given to a purchaser, but preempt a claim for breach of contract or

breach of warranty. *See Sanders,* 42 S.W.3d at 372.

 The RCLA does not preempt a fraud claim. *See Bruce v. Jim Walters Homes,* 943 S.W.2d 121, 123 (Tex.App.-San Antonio 1997, writ denied); *see also Kimball,* 969 S.W.2d at 526. Although the misrepresentations alleged in an action for fraud may be in regard to construction or a construction defect, the wrong sought to be redressed is not the subject of the misrepresentation, but the act of misrepresentation. *See Bruce,* 943 S.W.2d at 123. It is unreasonable to conclude the Texas Legislature denied homeowners the opportunity to seek damages for fraud because it entitled them to recover actual damages for construction defects under the RCLA. *See id.*

## 2. Application of the Law to the Facts

 The Gentrys' assertion that the trial court erred when it concluded their claims were preempted by the RCLA appears to challenge the trial court's first and second conclusions of law, which state:

1) [The Gentrys] claims under the Deceptive Trade Practices Act are preempted by the Residential Construction Liability Act.

2) Since [the Gentrys] are not entitled to damages other than the cost of repairs, they are not entitled to retain other monies held as a result of the last construction draw.

 First, we must determine whether the trial court's conclusions of law are correct as a matter of law. The RCLA does not preempt the DTPA. *See Sanders,* 42 S.W.3d at 371. Therefore, the trial court's first conclusion is incorrect. However, the Gentrys claim the trial court concluded that all of their causes of action were preempted. The trial court's conclusion of law states only that their DTPA

claims were preempted. Nevertheless, to the extent the trial court's second conclusion purports to preempt the Gentrys' remaining claims for breach of contract, breach of warranty, and fraud, the RCLA does not preempt those causes of action. *See Sanders,* 42 S.W.3d at 372 (breach of contract and warranty); *Bruce,* 943 S.W.2d at 123 (fraud).

■ Second, we must determine whether the trial court's findings of fact support the judgment under a different legal theory. Because the trial court determined the DTPA was preempted by the RCLA, it did not try the claims so there are no findings of fact that may support the judgment against the Gentrys as to that cause of action. Accordingly, we conclude the trial court erred when it determined the Gentrys' DTPA claims were preempted.

The Gentrys' third issue is decided in their favor. The trial court's judgment is reversed, in part, as to its conclusion that the Gentrys' counter- and third-party DTPA claims are preempted and the case is remanded for a new trial on the Gentrys' counter- and third-party DTPA claims. Based on our resolution of the Gentrys' third issue, we need not address their seventh and eighth issues that claim the trial court erred when it failed to award them recovery under the DTPA or their fourteenth issue that claims the trial court erred when it failed to award them attorneys' fees based on their DTPA claims.

### C. Attorneys' Fees

In their tenth, twelfth, and thirteenth issues, the Gentrys argue the trial court erred when it concluded they were not entitled to attorneys' fees on their breach of contract and fraud claims. In Squires Construction's cross-appeal, it argues the trial court erred when it concluded they were not entitled to attorneys' fees.

#### 1. Applicable Law

■ A person may recover reasonable fees in addition to the amount of a valid claim and costs if the claim is for: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001. The statute also allows for the recovery of fees in a suit for quantum meruit. *See Weitzul Const., Inc. v. Outdoor Environs,* 849 S.W.2d 359, 366 (Tex.App.-Dallas 1993, writ denied); *Angroson, Inc. v. Indep. Commc'n, Inc.,* 711 S.W.2d 268, 274 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). To recover attorneys' fees under section 38.001, a party must: (1) prevail on a cause of action for which attorneys' fees are recoverable and (2) recover damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997); *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997); *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 437 (Tex.1995).

#### 2. Application of the Law to the Facts

Both the Gentrys and Squires Construction challenge the trial court's sixth conclusion of law, which states:

6) Neither side is entitled to attorneys fees or court costs.

■ First, we address the Gentrys' claims that the trial court erred when it concluded they were not entitled to attorneys' fees on their breach of contract and fraud claims. The trial court entered a judgment in favor of Squires Construction and against the Gentrys on their counter- and third-party claims against Squires Construction and Squires. Accordingly, the Gentrys were not entitled to recover

attorneys' fees because they did not prevail on their causes of action for which attorneys' fees are recoverable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001; *Solis*, 951 S.W.2d at 390; *Beaston*, 907 S.W.2d at 437. The Gentrys' tenth, twelfth, and thirteen issues are decided against them.

 Second, we address Squires Construction's issue on cross-appeal claiming the trial court erred when it concluded Squires Construction was not entitled to attorneys' fees. The trial court's sixth conclusion of law, which makes the legal conclusion that Squires Construction was not entitled to attorneys' fees, is different from a trial court's refusal to award attorneys' fees, which is a fact issue left to the trial court's discretion. Squires Construction prevailed on its quantum meruit claim and is allowed to recover attorneys' fees under the statute. *See Weitzul*, 849 S.W.2d at 366. The trial court did not make any findings of fact to support its legal conclusion that Squires Construction was not entitled to recover attorneys' fees. Because the trial court made the legal conclusion that Squires Construction was not entitled to attorneys' fees, there are also no findings of fact to support a factual determination that attorneys' fees should not be awarded to Squires Construction.

Squires Construction's sole issue on cross-appeal is decided in its favor. The trial court's judgment is affirmed, in part, with respect to its sixth conclusion of law determining that the Gentrys were not entitled to attorneys' fees and is reversed and remanded for further proceedings with respect to Squires Construction request for attorneys' fees.

## III. FINDINGS OF FACT

In issues four, five, and nine, the Gentrys challenge the trial court's findings of fact. The Gentrys argue: (1) the evidence was legally and factually insufficient to support the trial court's finding that Squires Construction had made a reasonable settlement offer and (2) the evidence required the trial court to find that Squires Construction filed a fraudulent lien. Squires Construction responds that the Gentrys have not demonstrated the trial court abused its discretion and the trial court's findings are supported by the evidence.

### A. Standard of Review

Findings of fact in a case tried to the court have the same force and effect as jury findings. *See Central Forest S/C Partners, Ltd. v. Mundo–Mundo, Inc.*, 184 S.W.3d 296, 300 (Tex.App.-Dallas, 2005, no pet.); *Spethmann v. Anderson*, 171 S.W.3d 680, 688 (Tex.App.-Dallas 2005, no pet.); *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158 (Tex.App.-Dallas 1992, writ denied). An appellate court reviews a trial court's fact findings by the same standards it uses to review the sufficiency of the evidence to support a jury's findings. *See Central Forest*, 184 S.W.3d at 300.

When an appellant attacks the legal sufficiency of an adverse finding on an issue for which he did not have the burden of proof, he must demonstrate there is no evidence to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983); *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 768 (Tex.App.-Dallas, 2005, no pet.). A legal sufficiency review of a no-evidence point of error must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005). An appellate court will sustain a no-evidence point of error when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the

only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003); *Mary Kay, Inc. v. Woolf*, 146 S.W.3d 813, 817 (Tex.App.-Dallas 2004, pet. denied), *cert. denied*, 544 U.S. 1061, 125 S.Ct. 2530, 161 L.Ed.2d 1112 (2005); *see Wilson*, 168 S.W.3d at 809. Anything more than a scintilla of evidence is legally sufficient to support a trial court's finding. *See Marathon*, 106 S.W.3d at 727.

When an appellant challenges the factual sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof, appellant must demonstrate there is insufficient evidence to support the adverse finding. *Dallas County v. Holmes*, 62 S.W.3d 326, 329 (Tex.App.-Dallas 2001, no pet.) (citing *Croucher*, 660 S.W.2d at 58). In reviewing a factual sufficiency challenge, an appellate court considers and weighs all of the evidence in support of and contrary to the trial court's finding and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). When conducting a factual sufficiency review of a trial court's findings, an appellate court will not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact. *See Holmes*, 62 S.W.3d at 329; *Tex. Farmers Ins. Co. v. Cameron*, 24 S.W.3d 386, 392 (Tex.App.-Dallas 2000, pet. denied). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 813–14 (Tex.App.-Dallas 2003, pet. denied).

It is presumed that all fact findings needed to support the judgment were made by the trial court. *See Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274, 276 (Tex.1979). After the trial court files its original findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions with the clerk of the court. Tex.R. Civ. P. 298. The failure of a party to request additional or amended findings or conclusions waives the party's right to complain on appeal about the presumed finding. *See Lewis v. Dallas Soundstage, Inc.*, 167 S.W.3d 906, 915 (Tex.App.-Dallas 2005, no pet.); *Dallas Morning News Co. v. Board of Trustees of the Dallas Indep. Sch. Dist.*, 861 S.W.2d 532, 538 (Tex.App.-Dallas 1993, writ denied).

### B. Applicable Law

The RCLA applies to "any action to recover damages resulting from a construction defect, except a claim for personal injury, survival, or wrongful death or for damages to goods." Tex. Prop.Code Ann. § 27.002. Under the RCLA, an owner seeking damages arising from a construction defect must give the contractor written notice of the defect sixty days before filing suit. *Id.* § 27.004(a). The purpose of the notice requirement is to encourage pre-suit negotiations to avoid the expense of litigation. *See Kimball*, 969 S.W.2d at 525. However, notice is not required when a complaint regarding a construction defect is asserted as a counterclaim. *See* Tex. Prop.Code Ann. § 27.004(c). Instead, the counterclaim must specify in reasonable detail each construction defect that is the subject of the complaint. *Id.*

Once the owner has given the contractor notice of his complaint, the contractor has: (1) thirty-five days to inspect and have inspected the property that is the subject

of the complaint and (2) forty-five days to make a written offer to settle the claim. *See id.* § 27.004(a), (b). However, if the complaint is asserted in a counterclaim, both the inspection and the settlement offer must be made within sixty days of the service of the counterclaim. *Id.* § 27.004(c).

■■■■■ The limitations on damages and defenses to liability provided in section 27.004 do not apply if the contractor fails to make a reasonable written settlement offer or otherwise cure the defect in the manner prescribed by the RCLA. *See id.* § 27.004(g); *Homes v. Alwattari,* 33 S.W.3d 376, 382 (Tex.App.-Fort Worth 2000, pet. denied). An offer may be unreasonable if it requires the owner to pay 40% of the cost of the repairs with a promise of future reimbursement, conditioned on whether the homeowner's warranty paid the claim, and requires the owner to execute a full release of all of his claims. *See Homes,* 33 S.W.3d at 383 (evidence supported jury finding that settlement offer unreasonable).

### C. Application of the Law to the Facts

■■■■ First, we review the Gentrys' fourth and fifth issues which challenge the legal and factual sufficiency of the trial court's findings of fact. The trial court made fifteen findings of fact. The Gentrys challenge the trial court's eleventh finding of fact, which states:

> 11) [Squires Construction's] offer of settlement (Plaintiff's Exhibit 19) was reasonable, and [the Gentrys] damages are limited under the Residential Construction Liability Act.

Specifically, the Gentrys claim the evidence is legally and factually insufficient to support this finding of fact because there was no evidence Squires Construction's settlement offer was reasonable. Instead, the Gentrys assert the evidence shows Squire Construction's settlement offer was unreasonable because the offer failed to address the discrepancy in the ceiling height and the failure to caulk the windows and it included a demand for payment.

Squires Construction's settlement offer proposed to repair or complete twelve complained-of items in exchange for the amount requested in the final draw, attorneys' fees, and settlement of all claims between them. The offer of settlement stated that, under the contract, the Gentrys were responsible for the caulking and that, during the construction, the Gentrys agreed to proceed with the eight foot ceilings.

The Gentrys only challenge the trial court's eleventh finding of fact. However, the trial court also found that "there is no practical way to remedy a variance in the height of the first floor walls." Additionally, there was testimony that the Gentrys agreed to do all of the painting themselves and that, in the industry, painting includes caulking the windows. Further, there was evidence that the payment on which the settlement was conditioned was the amount of the final draw. It is clear the Gentrys' challenge to finding of fact number eleven is actually an attack on the weight and credibility assigned to the evidence by the trial court. We will not substitute our judgment for that of the trier of fact as to the credibility of the witnesses. We conclude the evidence is legally and factually sufficient to support finding of fact number eleven.

■■■■ Second, we review the Gentrys' ninth issue which claims the evidence required the trial court to find that Squires Construction filed a fraudulent lien. After the trial, the trial court sent the parties a letter that listed eighteen findings of fact and stated that, based on those findings, it granted a judgment in favor of Squires

Construction against the Gentrys. A month later, the trial court entered a judgment and ordered that Squires Construction should recover $16,134 from the Gentrys and that each party was responsible for its own costs and attorneys' fees. Squires Construction filed a request for the entry of findings of fact and conclusions of law conforming with those listed in the trial court's letter. The trial court granted that request and made fifteen findings of fact and six conclusions of law that closely resembled those in its earlier letter. Neither the Gentrys, nor Squires Construction filed objections or requested additional or amended findings and conclusions. We conclude the Gentrys failure to request additional or amended findings or conclusions waives their right to complain on appeal about the presumed finding. *See Lewis,* 167 S.W.3d at 915; *Dallas Morning News,* 861 S.W.2d at 538.

The Gentrys' fourth, fifth, and ninth issues are decided against them. The trial court's judgment in affirmed, in part, with respect to finding of fact number eleven. Based on our resolution of the Gentrys' ninth issue, we need not address their eleventh issue claiming the trial court erred when it failed to assess statutory penalties against Squires Construction for filing a fraudulent lien.

## IV. RESCISSION OF THE CONTRACT

In their sixth issue, the Gentrys argue the trial court abused its discretion when it failed to rescind the contract. Specifically, the Gentrys argue Squires Construction breached the contract and they are unable to restore the status quo because of the unique facts of this case. Squires Construction responds that the trial court did not abuse its discretion because rescission would be an inequitable result.

### A. Standard of Review

■ The equitable remedy of rescission is within the trial court's discretion and need not be granted if inequitable to one party or the other. *Banker v. City of Groves,* 295 S.W.2d 548, 550–51 (Tex.Civ. App.-Beaumont 1956, writ ref'd n.r.e.).

### B. Applicable Law

■ Rescission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment. *Martin v. Cadle Co.,* 133 S.W.3d 897, 903 (Tex. App.-Dallas 2004, pet. denied); *Country Cupboard, Inc. v. Texstar Corp.,* 570 S.W.2d 70, 73–74 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.). To be entitled to rescission, a party must show: (1) he and the defrauding party are in the status quo (i.e. he is not retaining benefits received under the instrument without restoration to the other party) or (2) there are equitable considerations that obviate the need for the status quo relationship. *Shenandoah Assoc. v. J & K Prop., Inc.,* 741 S.W.2d 470, 475 (Tex.App.-Dallas 1987, writ denied) (citing *Boyter v. MCR Constr. Co.,* 673 S.W.2d 938, 941 (Tex.App.-Dallas 1984, writ ref'd n.r.e.)). However, an inability to return the parties to their former position should be considered in determining whether rescission would be inequitable. *See Ennis v. Interstate Distributors, Inc.,* 598 S.W.2d 903, 906 (Tex.App.-Dallas 1980, no writ).

### C. Application of the Law to the Facts

■ The trial court found that there was no practical or reasonable way to remedy the discrepancy in the ceiling height and the Gentrys did not prove that the house was of any less value due to the variance. Rescission would result in extreme prejudice to Squires Construction.

The Gentrys rely on the Texas Commission of Appeals's decision in *Kennedy* to support their position that, in this case, the need for the status quo relationship is obviated. *See Tex. Employers Ins. Ass'n v. Kennedy*, 135 Tex. 486, 143 S.W.2d 583 (Com.App.1940). However, *Kennedy* is distinguishable from the facts of this case. In *Kennedy*, an employee brought suit to set aside a release and compromise settlement agreement approved by the Industrial Accident Board. The Texas Commission of Appeals determined that cancellation of the release and settlement agreement obviated the need for the employee to tender back because, to be entitled to rescission, he had to prove he received less than what he was entitled to and the rights of the defendant could be protected by allowing a credit for the payments already made.

We conclude the trial court did not abuse its discretion in refusing to rescind the contract in this case. The Gentrys' sixth issue is decided against them. The trial court's judgment is affirmed, in part, with respect to the trial court's refusal to rescind the contract between the Gentrys and Squires Construction.

## V. CONCLUSION

The trial court did not err when it concluded Squires Construction was entitled to be paid for work done under the theory of quantum meruit and the Gentrys were not entitled to attorneys' fees but erred when it concluded the Gentrys' claims were preempted by the RCLA and Squires Construction was not entitled to attorneys' fees. The evidence is legally and factually sufficient to support the trial court's findings of fact. The trial court did not abuse its discretion in refusing to rescind the contract in this case.

The trial court's judgment is affirmed, in part, and reversed and remanded, in part,

for a trial on the Gentrys' DTPA claims and further proceedings with respect to Squires Constructions' request for attorneys' fees.