# IN THE SUPREME COURT OF TEXAS

No. 16-0770

In the Matter of the Marriage of I.C. and Q.C.
and In the Interest of S.C. and K.C., Children

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

Justice Lehrmann, concurring.

While I join the Court's opinion in its entirety, I write separately to highlight the effect of Texas Family Code chapter 4 on suits to set aside premarital agreements as well as the nature of the rescission remedy. And I believe it is worth noting that, had Rebecca been successful in her request for rescission and obtained that remedy, the forfeiture clause, like the rest of the agreement, would be effectively null.

By the agreement's terms, Rebecca agreed to forfeit her right to a specified cash payment if she "[sought] to invalidate some or all of th[e] Agreement, or [sought] to recover property in a manner at variance with th[e] Agreement." Had Rebecca merely sought damages for James's breach of contract, this provision would not be implicated; indeed, the agreement expressly mandates an award of attorney's fees to the prevailing party in an action "to enforce" the agreement. But she also sought equitable rescission of the contract as a remedy. In her words, she

sought to "avoid the contract" and to have the parties returned "to their earlier positions as if no contract had existed."

As an initial, somewhat extraneous matter, I question whether the Family Code forecloses such relief. Chapter 4, which governs premarital agreements, enumerates what appear to be the exclusive means of rendering such an agreement unenforceable. Specifically, section 4.006(a) provides:

> A premarital agreement is not enforceable if the party against whom enforcement is requested proves that:
> (1) the party did not sign the agreement voluntarily; or
> (2) the agreement was unconscionable when it was signed and, before signing the agreement, that party:
> (A) was not provided a fair and reasonable disclosure of the property or financial obligations of the other party;
> (B) did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided; and
> (C) did not have, or reasonably could not have had, adequate knowledge of the property or financial obligations of the other party.

TEX. FAM. CODE § 4.006(a). Further, section 4.006 states that "[t]he remedies and defenses in this section are the exclusive remedies or defenses, including common law remedies or defenses." *Id.* § 4.006(c). Rebecca urges that she is not attempting to have the agreement declared unenforceable; rather, she agrees it is valid and seeks rescission only as a remedy for James's own material breach. *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 37 (AM. LAW INST. 2011) (authorizing rescission as an alternative remedy for a defendant's material breach or repudiation). I fear this is a distinction without a practical difference.

Rescission is not a separate cause of action; it "is an equitable remedy that extinguishes legally valid contracts that must be set aside because of fraud, mistake, or other reasons in order to avoid unjust enrichment." *Cantu v. Guerra & Moore, Ltd.*, 328 S.W.3d 1, 8 (Tex. App.—San

2

Antonio 2009, no pet.). It is typically available as a substitute for monetary damages when such damages would be inadequate. *Lauret v. Meritage Homes of Tex., LLC*, 455 S.W.3d 695, 700 (Tex. App.—Austin 2014, no pet.). The Restatement describes the remedy as backward looking, "offering to restore the parties to the status quo ante by unwinding the contractual exchange instead of pressing it forward." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 37 cmt. a (AM. LAW INST. 2011); *see also id.* § 54 cmt. a ("A party seeking rescission and restitution must first establish a substantive right to avoidance of the transaction in question."). Ultimately, a party seeking rescission as a remedy for breach of contract and a party seeking to avoid an unenforceable contract desire the same relief: to be restored to the status or position they were in prior to execution of the contract. In Rebecca's words, she wanted to be treated "as if no contract had existed." Arguably, then, section 4.006 forecloses rescission as a remedy altogether with respect to premarital agreements.

In any event, assuming Rebecca was not statutorily barred from seeking rescission, she nevertheless risked triggering the forfeiture clause by doing so. Had she been successful in her request, the premarital agreement—including the forfeiture clause—would have been set aside. *See Gentry v. Squires Constr., Inc.*, 188 S.W.3d 396, 410 (Tex. App.—Dallas 2006, no pet.) (describing rescission as setting aside a legally valid contract). But she failed to obtain such relief, leaving an enforceable premarital agreement with an enforceable forfeiture clause. Rebecca's unsuccessful effort to set the agreement aside and obtain a common law community property division was arguably an attempt to "invalidate" the agreement; if not, it was, as the Court holds, an effort to "recover property in a manner at variance with" the agreement. Either way, Rebecca

3

forfeited her contractual right to the lump-sum payment.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 29, 2018