**AFFIRM; and Opinion Filed June 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01674-CV**

**MICHAEL TABASSO, ET AL., Appellants**

**V.**

**BEARCOM GROUP, INC., Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-16089-D**

**OPINION**

Before Justices Bridges, Lang, and Lewis
Opinion by Justice Lewis

Michael Tabasso brings this interlocutory appeal from the trial court's denial of his special appearance in a suit brought against him and others by their prior employer, BearCom Group, Inc. Tabasso raises five arguments in his single issue challenging the trial court's denial of his special appearance. Tabasso argues: the facts do not support general or specific jurisdiction; the trial court's assertion of jurisdiction over Tabasso offends traditional notions of fair play and substantial justice; the trial court's findings of facts are fatally flawed; and the trial court's evidentiary rulings are wrong. Because we conclude the trial court did have personal jurisdiction over Tabasso, we affirm the trial court's order and limit our analysis accordingly.

BACKGROUND

In June 2000, Michael Tabasso, a Pennsylvania resident, was employed by BearCom Group, Inc., a corporation with its principal place of business in Garland, Texas, as a General

Manager at BearCom's office in Philadelphia, Pennsylvania. Tabasso was based out of Pennsylvania and was in charge of a sales region that did not include Texas. Tabasso visited Texas on several occasions for training and other meetings at the request of his employer. As part of his employment, Tabasso sent and received many shipments to BearCom's facilities in Texas as well as an equipment service center in Texas.

Texas was not in Tabasso's sales territory and he had been disciplined for attempting to make sales outside his designated sales area. Despite being disciplined for these sales outside of his territory, Tabasso contracted to provide rental equipment to a Texas-based BearCom customer. In particular, Tabasso received a request from a Texas-based customer for a BearCom quote. After providing the quote and entering into a contract with the Texas-based customer, Tabasso contacted the customer and referred a portion of the contract to another party at the expense of BearCom.

Tabasso was terminated in November 2010. After his termination by BearCom, two service request forms were "admittedly" filled out in Tabasso's handwriting, have BearCom's name on the service request, and contained Tabasso's address as the billing and ship-to address. Also after his termination, BearCom located emails where Tabasso had forwarded BearCom confidential information to his personal email account.

BearCom filed this underlying suit in December 2010. Tabasso filed a special appearance. BearCom filed a response to the special appearance as well as a motion to strike Tabasso's affidavit, and for sanctions, and to compel. The only evidence offered with Tabasso's special appearance was an affidavit by Tabasso. The trial court heard argument on the special appearance and motion for sanctions, and the parties produced evidence at the hearings. The trial court found Tabasso's affidavit was not credible in light of the record. The trial court denied

Tabasso's special appearance and filed findings of fact and conclusions of law. Tabasso now appeals the denial of his special appearance.

ANALYSIS

*Standard of Review and Burdens of Proof*

We review an order denying a special appearance by reviewing the trial court's factual findings for sufficiency of the evidence, but we review de novo its ultimate conclusion as to the propriety of personal jurisdiction as a conclusion of law. *Captial Tech. Info. Servs., Inc. v. Arias & Arias Consultores*, 270 S.W.3d 741, 747–48 (Tex. App.—Dallas 2008, pet. denied) (en banc). The supreme court has established our standard of review where, as here, the trial court has entered findings of fact and conclusions of law:

> If a trial court enters an order denying a special appearance, and the trial court issues findings of fact and conclusions of law, the appellant may challenge the fact findings on legal and factual sufficiency grounds. Our courts of appeals may review the fact findings for both legal and factual sufficiency.
> * * *
> Appellate courts review a trial court's conclusions of law as a legal question. The appellant may not challenge a trial court's conclusions of law for factual insufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness. If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal.

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (citations omitted).

The plaintiff bears the initial burden to plead sufficient allegations to bring a nonresident defendant within the reach of Texas's long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). The burden then shifts to the nonresident defendant to negate all bases of jurisdiction in those allegations. *Moki Mac*, 221 S.W.3d at 574. Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly*, 301 S.W.3d at 658 (noting Tex. R. Civ. P. 120a also

–3–

requires the trial court to determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony). If the nonresident defendant produces evidence negating personal jurisdiction, the burden shifts again to the plaintiff to show, as a matter of law, that the court had personal jurisdiction over the nonresident defendant. *Alliance Royalties, LLC v. Boothe*, 329 S.W.3d 117, 120 (Tex. App.—Dallas 2010, no pet.) (citing *Assurances Générales Banque Nationale v. Dhalla*, 282 S.W.3d 688, 695–96 (Tex. App.—Dallas, no pet.)).

### *Personal Jurisdiction*

Tabasso alleges the trial court erred by denying his special appearance. The Texas long-arm statute reaches as far as due process will allow. *Capital Tech. Info. Servs. Inc.*, 270 S.W.3d at 748. Thus, a Texas court may exercise personal jurisdiction over a nonresident defendant when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).

A nonresident defendant's forum-state contacts may give rise to two types of personal jurisdiction. *BMC Software*, 83 S.W.3d at 795–96. General jurisdiction may be established when the defendant's contacts with Texas are established as continuous and systematic, whether or not the alleged liability arises from those contacts. *Alliance Royalties*, 329 S.W.3d at 121. However, when the plaintiff's claim is related to the defendant's contacts with Texas, the plaintiff may rely on specific jurisdiction over the defendant, which requires a showing that the defendant's alleged liability arises from or is related to activity conducted within the forum state. *Id*. The specific jurisdiction analysis requires minimum contacts focused on the relationship between the defendant, the forum, and the litigation. *Id*.

The "touchstone" of jurisdictional due process analysis is "purposeful availment." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Michiana*, 168 S.W.3d at 785.

Tabasso contends the trial court erred in denying his special appearance. In its live petition, BearCom pleaded claims against Tabasso for breach of fiduciary duty; misappropriation of trade secrets and confidential information; violations of the Texas Theft Liability Act; conversion; tortious interference with contracts and business relations; unfair competition; and others. BearCom pleaded: Tabasso was employed as a BearCom General Manager until his employment was terminated as a result of the discovery of his misconduct which precipitated the filing of this suit; during his employment, Tabasso was involved in all aspects of BearCom's business, including marketing, sales, operations, management, personnel, budgeting, forecasting, pricing, product selection and customer relations; Tabasso had extensive contact with BearCom's customers and virtually unlimited access to BearCom's confidential information; while still employed by BearCom, Tabasso frequently requested and received phone and radio equipment from BearCom in Texas, and wrongfully appropriated and converted some of that equipment along with BearCom's confidential information; Tabasso communicated with, contracted with, and sent product to a vendor service center in Texas; and Tabasso provided rental shipments to customers in Texas. Because the crux of the underlying litigation involves Tabasso's contacts with BearCom and BearCom's customers based in Texas, we conclude that BearCom pleaded sufficient facts to bring Tabasso within the Texas long-arm statute for his misappropriation of trade secrets, misappropriation of confidential information, conversion, and theft as well as other

claims brought by BearCom. *See Crithfield v. Boothe*, 343 S.W.3d 274, 283–84 (Texas App.—Dallas 2011, no pet.).

It then became Tabasso's obligation to negate jurisdiction. *BMC Software*, 83 S.W.3d at 793. The only evidence attached to Tabasso's special appearance motion was an affidavit of Tabasso. Tabasso also later filed a second affidavit. The trial court concluded Tabasso's affidavits were not credible in light of the record, including but not limited to deposition transcripts, hearing transcripts, documents admitted, and affidavit testimony.

While Texas was not a part of Tabasso's territory, there is evidence that Tabasso was communicating with BearCom's Texas customers even after he had been reprimanded for dealings outside of his territory. BearCom produced emails between Tabasso and BearCom customers in Texas showing Tabasso specifically doing business with the customer for the benefit of someone other than BearCom. BearCom produced: service center request forms showing Tabasso sending and receiving BearCom equipment to and from Texas during and after his termination; email correspondence between Tabasso and Texas customers contracting for services; and contracts between Tabasso and Texas customers.

Tabasso's legal argument in his special appearance states the general law regarding jurisdiction and relies on the statement that Tabasso was merely an employee of BearCom and thus, did nothing to support the concept of purposeful availment. Tabasso fails to address his contact with the BearCom Texas customer whose business Tabasso directed away from BearCom. Tabasso further acknowledges the service center request forms sent after his termination were in his handwriting and submitted with his personal address for shipping and billing.

On appeal, Tabasso argues there is "No indication that equipment was stolen *in* Texas–or that it was stolen." However, there is evidence in the record that Tabasso was in possession of

BearCom equipment after his termination of employment. Further, the trial court found "evidence of a conspiracy to directly misappropriate BearCom's Texas customers." The trial court also found Tabasso provided a multitude of orders to BearCom's stolen Texas customer and received payments from Texas. As the Texas Supreme Court has stated, ". . . it is not the tortiousness of the defendant's conduct that creates jurisdiction; it is its purposefulness." *Michiana*, 168 S.W.3d at 798. "Whether a tort was committed is a question for the trial on the merits." *Id*. Upon review of the entire record, we conclude Tabasso failed to negate all jurisdictional bases. *See BMC Software*, 83 S.W.3d at 793. Tabasso's specific jurisdiction argument is overruled.

### *Traditional Notions of Fair Play and Substantial Justice*

Finally, we must determine whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *BMC Software*, 83 S.W.3d at 795. Tabasso asserts it would be burdensome to litigate in Texas since he is a Pennsylvania resident. In multi-state disputes, someone will always be inconvenienced, and this argument is frequently rejected as a basis for denying personal jurisdiction. *See Burger King*, 471 U.S. at 474; *TexVa, Inc. v. Boone*, 300 S.W.3d 879, 891 (Tex. App.—Dallas 2009, pet. denied). Texas courts have an interest in adjudicating the claims of a corporation doing business in Texas, and Texas is a convenient forum for the litigants. The interstate judicial system's interest in obtaining the most efficient resolution of the controversy will be served in Texas as well. This interest will be served by litigating in Texas where most of the individuals and documents are located. When a nonresident has purposefully established minimum contacts with the forum state, it will be only a rare case when the exercise of jurisdiction over that defendant does not comport with traditional notions of fair play and substantial justice. *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,

–7–

815 S.W.2d 223, 231 (Tex. 1991). We have already concluded BearCom successfully pleaded Tabasso purposefully established the required minimum contacts for specific jurisdiction. Therefore, we conclude that the exercise of jurisdiction over Tabasso does not offend traditional notions of fair play and substantial justice.

*Findings of Fact and Conclusions of Law*

Tabasso complains the trial court's findings of facts are unfounded in the evidence, inappropriate merit determinations, and are conclusory. After the trial court files its original findings of fact and conclusions of law, any party may request additional or amended findings or conclusions. TEX. R. CIV. P. 298. A party must request additional or amended findings or conclusions or the party waives the right to complain on appeal. *Gentry v. Squires Const., Inc.*, 188 S.W.3d 396, 408 (Tex. App.—Dallas 2006, no pet.); *Dallas Morning News Co. v. Bd. of Trs. of Dallas Indep. Sch. Dist.*, 861 S.W.2d 532, 538 (Tex. App.—Dallas 1993, writ denied).

While Tabasso complains about the findings of facts and conclusions of law issued by the trial court, he fails to direct us to any place in the record showing he has preserved this issue for appellate review. Finding no indication Tabasso requested additional or amended findings or conclusions as directed by rule of procedure 298, we conclude Tabasso has waived this argument. *See Gentry*, 188 S.W.3d at 396; *Dallas Morning News*, 861 S.W.2d at 538. Tabasso's findings of fact and conclusions of law argument is overruled.

*Evidentiary Errors*

Tabasso complains of two evidentiary errors: (1) the striking of Tabasso's evidence as not credible and (2) the consideration of BearCom's Federal Express records. The appellate rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are

appropriate. TEX. R. APP. P. 38.1. We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to a party's position, or doing legal research that might support a party's contentions. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

In reviewing Tabasso's briefing of his evidentiary argument, we are unable to find a single citation to any legal authority for his assertions. He fails to provide us with any legal analysis, citation to any case, rule of law, or statute that would support his argument. Because Tabasso has failed to comply with rule of appellate procedure 38.1, he has waived this issue on appeal. *See Bullock v. Am. Heart Assoc.*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied); *Divine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding failure to adequately brief waives issue on appeal). Tabasso's evidentiary argument is overruled.

## CONCLUSION

Tabasso failed to meet his burden to negate all jurisdictional bases. We conclude that the evidence in the record conclusively established the existence of specific jurisdiction.[1] Therefore, we affirm the trial court's order denying Tabasso's special appearance.

/David Lewis/
DAVID LEWIS
JUSTICE

111674F.P05

---

[1] A single basis for personal jurisdiction is sufficient to confer jurisdiction over a defendant. *Citrin Holdings, LLC v. Minnis*, 305 S.W.3d 269, 279 (Tex. App.-Houston [14th Dist.] 2009, no pet.). The court need not address general jurisdiction if it finds that a defendant is subject to specific jurisdiction. *Id*. If the court finds specific jurisdiction over a defendant based on one cause of action, the court need not address jurisdiction as to any other causes of actions. *Id*.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL TABASSO, ET AL., Appellants

No. 05-11-01674-CV       V.

BEARCOM GROUP, INC., Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-16089-D.
Opinion delivered by Justice Lewis.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of June, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE