

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00734-CV

Sandra **SAKS**, Lee Nick McFadin, III, and Margaret Landen Saks,
Appellants

v.

**BROADWAY COFFEEHOUSE LLC** and Marcus Rogers, as Trustee for
the Saks Children Trust a/k/a ATFL&L, a Texas trust,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-17001
Honorable Antonia Arteaga, Judge Presiding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED

This is the second appeal this court has considered involving: (1) the real property located at 5321 Broadway ("Property"); and (2) 5321 Broadway Partners, the Texas general partnership which owns equitable title to the Property ("Partnership").

The first appeal addressed a challenge to a judgment entered in a probate proceeding confirming an arbitration award. The arbitration award resolved a dispute arising out of a mediated

---

[1] The Honorable Larry Noll entered an order granting a partial summary judgment. The Honorable Antonia Arteaga signed the final judgment.

settlement agreement. The mediated settlement agreement required appellant Sandra Saks and Diana Flores, who is not a party to this appeal, to transfer and assign all of their right, title and interest in the Partnership and various other properties to the Saks Children Trust a/k/a ATFL&L, a Texas trust ("Trust"). The arbitration award confirmed the interest in the Partnership was property of the Trust and ordered documents of conveyance to be executed to clarify the Trust's ownership of the Partnership. We affirmed the probate court's judgment. *See Davis v. Merriman*, No. 04-13-00518-CV, 2015 WL 1004357 (Tex. App.—San Antonio Mar. 4, 2015, pet. denied).

In the action underlying this second appeal, appellee Broadway Coffeehouse, LLC filed a petition seeking: (1) a declaration of the ownership of the Property and Partnership; (2) a winding up and termination of the Partnership; (3) a partition of the Property; and (4) a declaration that certain deeds and assignments signed by appellant Sandra Saks relating to the Partnership and Property were void. The trial court granted a partial summary judgment and subsequently entered a final judgment awarding Broadway Coffeehouse all of the relief it requested. On appeal, the appellants contend: (1) the trial court erred in granting the partial summary judgment; (2) the trial court erred in awarding attorney's fees; and (3) the trial court abused its discretion in setting the amount of the supersedeas bond. We affirm the trial court's judgment.

## BACKGROUND

In January of 1996, Guy Chipman, Jr. sold the Property to the Trust. Several days later, the Trust conveyed an undivided twenty-five percent interest in the Property to Perry T. Donop, Jr. That same day, the Trust and Donop entered into a partnership agreement forming the Partnership. The purpose of the Partnership was to own, operate, and manage the Property. The Trust and Donop transferred their equitable title in the Property to the Partnership, but they each retained their legal title.

In August of 2011, Lauren Saks Merriman, one of the beneficiaries of the Trust, filed a lawsuit in probate court against the settlor of the Trust, appellant Sandra Saks, and the trustee, Diana Flores. [2] Lauren alleged claims for breach of fiduciary duty and sought an accounting and a constructive trust. The complete history of that litigation is detailed in this court's prior opinion. *See Davis*, 2015 WL 1044357. During the course of the probate litigation, Marcus P. Rogers was appointed as interim trustee of Trust, and Rogers is the current trustee of the Trust.

In April of 2012, the parties to the probate proceeding entered into a mediated settlement agreement ("MSA"). In the MSA, Sandra and Diana agreed to transfer and assign to the Trust all of their right, title, and interest in and to the Partnership and various other properties. The probate court signed an order approving the MSA in May of 2012. The probate court's order did not, however, dismiss the claims in the probate proceeding.

While the probate proceeding remained pending, Sandra executed an affidavit on August 15, 2012, which was filed in the real property records the same day. In the affidavit, Sandra stated she witnessed Flores sign an assignment on December 21, 2011. The assignment, which was attached to the affidavit, purported to terminate the Trust and convey the Trust's interest in the Partnership to the beneficiaries, subject to a prior agreement between Sandra and the Trust which was attached to the assignment. The prior agreement, which was dated effective January 6, 1996, purported to assign ninety-nine percent of the Trust's interest in the Partnership to Sandra.

On August 21, 2012, seven days after Sandra filed her affidavit of record, Lauren filed a motion to compel arbitration, claiming that matters regarding the interpretation and performance of the MSA remained unresolved. On August 22, 2012, Donop conveyed and assigned his interests in the Property and the Partnership to Broadway Coffeehouse.

---

[2] The other beneficiary of the Trust is appellant Margaret Landen Saks. Sandra is the mother of both Lauren and Landen, and Flores is Sandra's sister.

On October 18, 2012, the parties to the probate proceeding arbitrated, and an arbitration award was signed: (1) stating the Trust owned the Partnership interest in dispute; and (2) ordering Sandra and other parties to execute specific documents of conveyance to confirm the Trust's ownership of the Partnership interest. On May 7, 2013, the trial court signed a judgment confirming the arbitration award, which the appellants appealed in the first appeal.

While the first appeal was pending, Sandra executed two additional documents: (1) a deed conveying all of Sandra's interest in the Property to appellant Lee Nick McFadin III; and (2) a "Transfer Conveyance Assignment" assigning all of Sandra's interest in the Partnership to McFadin.[3] Both documents were dated affective April 21, 2012, and were filed in the real property records on May 23, 2013.

On October 10, 2013, Broadway Coffeehouse filed the underlying lawsuit. As previously noted, Broadway Coffeehouse sought: (1) a declaration of the ownership of the Property and Partnership; (2) a winding up and termination of the Partnership; (3) a partition of the Property; and (4) a declaration that certain deeds and assignments signed by Sandra relating to the Partnership and Property were void. On August 19, 2014, the trial court signed an order granting a partial summary judgment in favor of Broadway Coffeehouse. The order: (1) declared Broadway Coffeehouse owned an undivided twenty-five percent interest in the Property, and the Trust owned an undivided seventy-five percent interest; (2) declared Broadway Coffeehouse owned an undivided twenty-five percent interest in the Partnership, and the Trust owned an undivided seventy-five percent interest; (3) declared the appellees and others owned no interest in the Property or the Partnership; (4) declared Sandra's affidavit dated August 15, 2012, and the deed and assignment dated effective April 21, 2012 were void; (5) ordered the Property to be sold and

_____
[3] McFadin is referred to in the record as Sandra's boyfriend.

that Broadway Coffeehouse receive 25% of the net proceeds and the remaining 75% of the net proceeds be deposited into the court registry; and (6) ordered the Partnership wound up and terminated effective August 19, 2014. On October 20, 2014, the trial court held a hearing on the issue of attorney's fees and entered a final judgment incorporating the partial summary judgment and awarding attorney's fees to Broadway Coffeehouse and the Trust. The appellants filed their notice of appeal the same day.[4]

## PARTITION AND TERMINATION OF PARTNERSHIP

In their first issue, the appellants assert the trial court erred in granting the partial summary judgment. The appellants specifically contend the partnership agreement prohibited the withdrawal of capital and the partners did not agree to terminate the Partnership.

### A. Standard of Review

"We review a trial court's grant of summary judgment *de novo*." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 484, 508 (Tex. 2010). "When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

### B. TEX. R. CIV. P. 760 & 761

The only legal authorities appellants cite in support of this issue are rules 760 and 761 of the Texas Rules of Civil Procedure.

In an action to partition real property, rule 760 requires a trial court to determine the interest of each joint owner in the real estate sought to be partitioned. *See* TEX. R. CIV. P. 760. In this case, the trial court's order granting the partial summary judgment found that Broadway

---

[4] This court's opinion in the prior appeal issued on March 4, 2015.

Coffeehouse owned a 25% undivided interest in the Property, and the Trust owned a 75% undivided interest. Accordingly, the trial court's order complied with rule 760.

Appellants next cite rule 761 to contend the trial court failed to make a finding that the Property could not be partitioned in kind. In ordering the sale of the property, however, the trial court implicitly determined the Property could not be partitioned in kind. *See* TEX. R. CIV. P. 770 ("Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition . . . .").

C.     Partition In Kind

Appellants next argue summary judgment was improper because a fact issue exists regarding whether the Property could be partitioned in kind. The appellants assert the Property consists of two tracts of land with a value of $133,312.00 and $463,688.00, respectively. Based on these values, appellants contend the Property could be partitioned in kind because the tract valued at $133,312.00 is "valued at about 25% of the whole property." We reject appellants' argument for several reasons.

First, although appellants asserted in their response to Broadway Coffeehouse's motion that the Property could be partitioned in kind, they did not assert the partition in kind was possible based on the valuation of the two tracts of land constituting the Property. Issues not expressly presented to the trial court by response cannot be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *In re Estate of Blankenship*, 392 S.W.3d 249, 255 (Tex. App.—San Antonio 2012, no pet.). Because the appellants did not raise this issue in their response, we cannot consider the issue on appeal.

Second, as evidence to support the alleged valuation of the Property, appellants cite exhibits attached to the reporter's record from the hearing setting the amount of the supersedeas

bond for purposes of appeal. Appellants do not cite any evidence attached to their summary judgment response or otherwise before the trial court at the time of the summary judgment hearing. In a summary judgment, the scope of review is limited to the summary judgment record upon which the trial court's ruling was based. *Fred Loya Ins. Agency, Inc. v. Cohen*, 446 S.W.3d 913, 918 (Tex. App.—El Paso 2014, pet. denied); *Young v. Gumfory*, 322 S.W.3d 731, 738 (Tex. App.—Dallas 2010, no pet.). Because the appellants did not present the valuation evidence for the trial court's consideration in ruling on the partial motion for summary judgment, we cannot consider that evidence in reviewing the trial court's ruling.

Third, property is susceptible to partition in kind when a fair and equitable division can be made. *Daven Corp. v. Tarh E & P Holdings, L.P.*, 441 S.W.3d 770, 777 (Tex. App.—San Antonio 2014, pet. denied); TEX. R. CIV. P. 770. In determining whether a partition in kind is fair and equitable, a trial court is required to consider whether the property can be divided in kind without materially impairing its value. *Id.* Broadway Coffeehouse presented summary judgment evidence that the Property could not be divided in kind without materially impairing its value. Even if this court could consider the valuations stated in appellants' brief, twenty-five percent of the total value of the Property would be $149,250.00 [($133,312.00 + $463,688.00) x .25]. The appellants do not explain in their brief how a partition giving Broadway Coffeehouse a tract of land worth less than 25% of the overall value of the Property would be fair and equitable.

D.     Capital Withdrawal

Appellants also argue the partnership agreement prohibits capital withdrawals; therefore, Broadway Coffeehouse lacks standing to request a partition. First, appellants cite no authority to support this argument; therefore, the issue is waived. *See Tabasso v. BearCom Group, Inc.*, 407 S.W.3d 822, 829 (Tex. App.—Dallas 2013, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Second, appellants' argument assumes the

partition would result in a capital withdrawal. The trial court, however, ordered the Partnership terminated and wound up effective as of the same date the trial court ordered the partition by sale. Because the Partnership was terminated, the partition could not have resulted in a capital withdrawal.

### E. Termination and Winding Up of Partnership

Finally, appellants contend the trial court erred in ordering the Partnership terminated because fact issues exist which preclude summary judgment. In its motion for partial summary judgment, Broadway Coffeehouse asserted the Partnership should be terminated and wound up under sections 11.051(4)[5] and 11.057(c) of the Texas Business Organizations Code because the partition of the Property by sale would: (1) complete the particular undertaking for which the Partnership was formed, *see* TEX. BUS. ORGS. CODE ANN. § 11.057(c)(1) (West 2012);[6] and (2) result in the sale of all or substantially all of the property of the Partnership, *see id*. at § 11.057(c).[7] In addition, Broadway Coffeehouse asserted the Partnership should be terminated and wound up because the ongoing litigation involving the Trust, including Sandra's refusal to comply with court orders and her fraudulent filings claiming ownership of the Partnership: (1) unreasonably frustrates

---

[5] Section 11.051(4) requires the winding up of a domestic entity, which includes a general partnership, on an event specified in other sections of the Texas Business Organizations Code requiring the winding up or termination of the domestic entity. TEX. BUS. ORGS. CODE ANN. § 11.051(4) (West 2012).

[6] Section 11.057(c)(1) provides, "An event requiring the winding up of a domestic general partnership under Section 11.051(4) includes . . . in a general partnership for a particular undertaking, the completion of the undertaking, unless otherwise provided by the partnership agreement." TEX. BUS. ORGS. CODE ANN. § 11.057(c)(1) (West 2012).

[7] Section 11.057(c)(3) provides, "An event requiring the winding up of a domestic general partnership under Section 11.051(4) includes . . . the sale of all or substantially all of the property of the general partnership outside the ordinary course of business, unless otherwise provided by the partnership agreement." TEX. BUS. ORGS. CODE ANN. § 11.057(c)(3) (West 2012).

the economic purpose of the Partnership, *see id.* at § 11.314(1)(A);[8] and (2) made it not reasonably practicable to carry on business in partnership with the Trust, *see id*. at § 11.314(1)(B).[9]

In their brief, appellants do not challenge all of the four grounds asserted in the summary judgment motion as bases for the termination and winding up of the partnership. An appellant must challenge every ground on which summary judgment could have been granted, or the summary judgment will be upheld based on the unchallenged grounds. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.); *see generally* Timothy Patton, *Summary Judgments in Texas* § 8.03[2] (3rd ed. 2014). Because appellants do not challenge every basis on which the trial court could have ordered the Partnership terminated and wound up, appellants' complaint is overruled.

### F. Ownership of Property and Partnership

Finally, appellants contend the trial court erred in granting summary judgment because fact issues exist with regard to the ownership of the Property and Partnership. We disagree. We note appellants do not raise an issue challenging the trial court's declaration that the affidavit, deed, and assignment signed by Sandra were void. The probate court's judgment in the prior proceeding conclusively established the Trust's ownership of its interest in the Partnership. In addition, having reviewed all of the summary judgment evidence, including the deeds and the partnership agreement, we hold the summary judgment evidence conclusively established: (1) Broadway

---

[8] Section 11.314(1)(A) authorizes a district court to order the winding up and termination of a domestic partnership on application by a partner in the partnership if the court determines the economic purpose of the partnership is likely to be unreasonably frustrated. TEX. BUS. ORGS. CODE ANN. § 11.314(1)(A) (West 2012).

[9] Section 11.314(1)(B) authorizes a district court to order the winding up and termination of a domestic partnership on application by a partner in the partnership if the court determines another partner has engaged in conduct relating to the partnership's business that makes it not reasonably practicable to carry on the business in partnership with that partner. TEX. BUS. ORGS. CODE ANN. § 11.314(1)(B) (West 2012).

Coffeehouse's ownership of a 25% interest in the Partnership; and (2) record title to the Property was owned by the Trust and Broadway Coffeehouse.

Appellants' first issue is overruled.

### ATTORNEY'S FEES

In their second issue, the appellants assert the trial court erred in awarding Broadway Coffeehouse attorney's fees because Broadway Coffeehouse's motion for partial summary judgment did not request declaratory relief or declaratory relief was improperly requested. The appellants further assert Broadway Coffeehouse failed to segregate the attorney's fees.

Generally, a party may not recover attorney's fees unless authorized by statute or contract. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 915 (Tex. 2015). The Uniform Declaratory Judgments Act authorizes a trial court to award attorney's fees. *Id*.; TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). In its motion for partial summary judgment, Broadway Coffeehouse sought a declaration that certain deeds and assignments were void and a declaration regarding the ownership of the Partnership. Both of these claims were proper requests for declaratory relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015) ("A person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a … contract …, may have determined any question of construction or validity arising under the instrument … [or] contract … and obtain a declaration of rights, status, or other legal relations thereunder."). Because the trial court's order granted the requested declaratory relief, the trial court did not err in awarding attorney's fees.

With regard to segregation, although attorney's fees generally must be segregated, segregation is not required when discrete legal services advance both a claim on which attorney's fees are recoverable and a claim on which fees are not recoverable. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). In this case, Broadway Coffeehouse's attorney

testified segregation of the fees would not be reasonable or practical because the legal services were geared toward the declaratory judgment claim. The attorney explained the goal of the lawsuit was to obtain a declaration establishing the ownership of the Partnership and declaring the deeds and assignments void because without those declarations a partition of the Property would not be possible. Therefore, based on this testimony, the trial court did not err in determining that all of the discrete legal services advanced the declaratory relief claim. *See id*.

Appellants' second issue is overruled.

### SUPERSEDEAS BOND

In their third issue, appellants contend the trial court abused its discretion in determining the amount of the supersedeas bond. Rule 24.4(a) of the Texas Rules of Appellate Procedure allows a party to seek review of the trial court's ruling regarding a supersedeas bond by filing a motion in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case. TEX. R. APP. P. 24.4(a). During the pendency of this appeal, this court issued two orders, including an en banc order, denying appellants' motions challenging the amount of the supersedeas bond. Therefore, appellants' third issue already has been addressed by this court and is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice