**William R. BRUCE And Wife, Patricia H. Bruce Appellants,**

v.

**JIM WALTERS HOMES, INC., Appellee.**

No. 04–96–00632–CV.

Court of Appeals of Texas, San Antonio.

March 26, 1997.

Rehearing Overruled April 23, 1997.

---

Alex Katzman, Daniel R. Rutherford, The Law Offices of Daniel R. Rutherford, San Antonio, for appellants.

Kenneth M. Culbreth, Jr., Jordan, Shaw & Hyden, L.L.P., Corpus Christi, for appellee.

Chris E. Ryman, Amicus Curiae, Michael O. Whitmire, Amicus Curiae, Coats, Rose, Yale, Holm, Ryman & Lee, P.C., Houston, Amicus Curiae.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This is an appeal from a summary judgment granted in favor of appellee. In one point of error, appellants contend that the trial court erred in granting appellee's motion for summary judgment because it misconstrued critical language in the Residential Construction Liability Act. We reverse the portion of the judgment granting appellee's motion for summary judgment as to appellants' common law fraud cause of action and affirm the remainder of the judgment.

### Factual and Procedural Background

Appellants, William and Patricia Bruce, filed suit against appellee, Jim Walter Homes, Inc. for damages resulting from alleged defects in a house built pursuant to a contract between the Bruces and Jim Walter Homes. Specifically, the Bruces asserted causes of action for common law fraud, breach of contract, tortious breach of contract, breach of warranty, and negligence. The Bruces sought additional damages under the Residential Construction Liability Act (RCLA).

Jim Walter Homes filed a motion for partial summary judgment, alleging that the RCLA is an exclusive remedy and supersedes all other causes of action plead by the Bruces. The trial court granted summary judgment on all the Bruces' causes of action other than the RCLA claim. The Bruces appeal, alleging that the trial court misinterpreted the RCLA.

### Argument and Authority

The standard by which a summary judgment is to be reviewed on appeal is whether the movant met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV. P. 166a(c). The appellate court must take as true all evidence favoring the non-movant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Milo,* 909 S.W.2d 508, 510 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

■ The Residential Construction Liability Act applies to any action to recover damages resulting from a construction defect, except a claim for personal injury, survival, wrongful death, or for damage to goods. TEX. PROP.CODE ANN. § 27.002(a) (Vernon Supp.1997). "To the extent of conflict between [the RCLA] and any other law, including the Deceptive Trade Practices–Consumer Protection Act, [the RCLA] prevails." *Id.*

Appellants claim that the RCLA does not preclude an action for common law fraud because the RCLA was intended to remedy business disputes, not patent acts of deceit and fraud. Appellants contend that, if the legislature had intended to abrogate common law fraud through the RCLA, it would have done so specifically. Because it did not, appellants argue that the RCLA must be harmonized with common law causes of action to every extent possible. Appellee, on the other hand, argues that the statute is clear and unambiguous.

■ A statute may be interpreted as abrogating a principle of common law only when either the express terms of the statute

or its necessary implications clearly indicate such an intent by the legislature. *Enos v. State,* 889 S.W.2d 303, 305 (Tex.Crim.App. 1994). If a statute deprives a person of a common law right, the statute must be strictly construed and will not be extended beyond its plain meaning. *Smith v. Sewell,* 858 S.W.2d 350, 354 (Tex.1993). Appellee argues that the RCLA specifically addresses the preemption of "any other law." According to appellee, "any other law" must necessarily include common law causes of action.

While it is true that the preemptive language of the RCLA is clear, we must also note the equally clear restrictive clause preceding the preemptive clause. Section 27.002(a) provides that the RCLA prevails only *to the extent of conflict* between it and any other law. TEX. PROP.CODE ANN. § 27.002(a) (Vernon Supp.1997)(emphasis added). A common law cause of action for fraud does not conflict with the RCLA.

■ First, a fraud cause of action and the RCLA do not regulate the same activity. An action for fraud allows for recovery of damages attributable to reliance upon an intentional misrepresentation. *Ablin v. Morton Southwest Co.,* 802 S.W.2d 788, 792–93 (Tex. App.—San Antonio 1990, writ denied). The RCLA provides a vehicle for the recovery of damages resulting from a construction defect. *See* TEX. PROP.CODE ANN. § 27.003 (Vernon Supp.1997). While the misrepresentation alleged in an action for fraud may be in regard to construction or a construction defect, the wrong sought to be redressed is not the subject of the misrepresentation but the act of the misrepresentation itself.

The RCLA was enacted to promote settlement between homeowners and contractors and to afford contractors the opportunity to repair their work in the face of dissatisfaction. *See* TEX. PROP.CODE ANN. § 27.001 *et. seq.* (Vernon Supp.1997). This purpose contemplates actual defects in construction, not willful misrepresentation regarding the construction, which can certainly exist independent of a construction defect. It is unreasonable to conclude that the legislature would deny a homeowner the opportunity to seek damages for fraud simply because he is also entitled to recover actual damages for construction defects pursuant to a statute.

Moreover, the remedies available under an action for fraud and an action under the RCLA are separate and distinct. The RCLA limits the recovery of damages to those *"proximately caused by a construction defect."* TEX. PROP.CODE ANN. § 27.004(h) (Vernon Supp.1997)(emphasis added). The damages available in an action for fraud are not premised on the construction defect, but on the act of misrepresentation. As such, the damages in a fraud action are not adequately measured by the terms in which the damages allowed under the RCLA are defined.

■ Further, exemplary damages are available in an action for fraud. Damages in an RCLA action are limited to the reasonable cost of repairs, expenses of temporary housing, reduction in market value, and attorney's fees. *Id.* Appellee contends that because the RCLA does not provide for the recovery of exemplary damages, the recovery of such damages under a fraud theory of recovery is in conflict with the damages recovery scheme afforded by the RCLA, and therefore, the RCLA prevails. Appellee's contention is erroneous. The damages available under a fraud cause of action are separate and distinct from those available under the RCLA. There is no conflict between the two. While appellee condemns appellants for using this appeal for the sole purpose of retaining the possibility of recovering exemplary damages, the fact remains that appellants have a right to seek such damages if the facts of their case lend themselves to a fraud cause of action.

We disagree with appellee's contention that as long as the injury suffered results in any way from a construction defect, the RCLA is triggered and will control. The RCLA cannot be interpreted so broadly as to abrogate common law causes of action for fraud simply because the alleged fraudulent representations were made by a contractor, to a homeowner, regarding a construction project. A common law fraud cause of action is independent of an action under the RCLA, both in terms of the remedies available and the action to be cured. The distinctions between the two causes of action prevent them

from being in conflict. Therefore, the preemptive language of the RCLA is not triggered when both fraud and the RCLA are pleaded. Accordingly, the trial court erred in granting summary judgment on appellants' common law fraud cause of action. Because appellants' remaining common law causes of action are in conflict with the RCLA, summary judgment on those causes of action was proper.

The portion of the trial court's judgment granting summary judgment on appellants' common law fraud cause of action is reversed and remanded to the trial court for trial on the merits; the remainder of the trial court's judgment is affirmed.