Wayne SANDERS and Carol Sanders, Appellants,

v.

CONSTRUCTION EQUITY, INC. f/k/a Marino Investments, Appellee.

No. 09–00–155 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 8, 2001.

Decided June 14, 2001.

Christopher T. Kirchmer, Provost & Umphrey, Beaumont, for appellants.

William B. Coffey, Jr., Trey Browne, Adams & Coffey, P.C., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION ON MOTIONS FOR REHEARING

GAULTNEY, Justice.

Both appellants and appellee have filed motions for rehearing. We consider appellee's motion first.

On Motion for Rehearing appellee essentially makes two arguments: First, appellee claims that RCLA does provide a complete liability scheme; second, appellee claims that since appellants' third amended petition does not plead exemplary damages and the parties did not address the issue, we exceeded our authority in addressing the issue. We write further to provide additional explanation.

■ **Preemptive Effect of RCLA:** Appellee urges this court to hold that RCLA does create a liability scheme that precludes all others. We are directed to the definition of "construction defect" and to the requirement for a finding of proximate cause. Appellee argues that a builder is liable for any construction defect that proximately causes damages; in effect, appellee urges that we impose strict liability for any construction defect, whether or not, for example, the defect results from negligence or constitutes a breach of contract. We find nothing in the statute that imposes strict liability for a construction defect, nor do we find a complete conflict between the causes of action asserted here and RCLA. Plaintiff must obtain a finding of construction defect, a liability finding under the specific cause of action asserted, a proximate cause finding, and a finding of damages as defined in RCLA. To the extent of any conflict with the cause of action, certainly RCLA controls and limits the cause of action.

■ The Supreme Court has "consistently declined to construe statutes to deprive citizens of common law rights unless

the Legislature clearly expressed that intent." *Cash America Int'l, Inc. v. Bennett,* 35 S.W.3d 12, 16 (Tex.2000). The language in this statute does not clearly express an intent to bar all claims; the bar is only **to the extent** that an element of the claim conflicts with RCLA.

■ **Punitive Damages:** Next, appellee asserts that appellants did not plead or claim exemplary damages and we should not have addressed the issue. Appellee cites us to appellants' third amended petition and asserts that there is "no reference to 'exemplary damages.'" Our review of the third amended petition reveals, among other things, a claim that fraud was committed and a claim "to recover actual damages, in addition to punitive damages...." This appears to this Court to be a claim for exemplary, or punitive, damages. Further, by asking this Court to hold that fraud claims are barred, appellee necessarily asked this Court to consider the punitive damages issue. We explain further.

Appellee cited *Bruce v. Jim Walters Homes, Inc.,* 943 S.W.2d 121, 123 (Tex. App.—San Antonio 1997, writ denied) in support of its "complete bar" claim.[1] The court there held that fraud claims were not preempted by RCLA. The court stated that it disagreed with the contention that "as long as the injury suffered results in any way from a construction defect, the RCLA is triggered and will control." *Id.* at 123. The court held that "while appellee condemns appellants for using this appeal for the sole purpose of retaining the possibility of recovering exemplary damages, the fact remains that appellants have a right to seek such damages if the facts of

their case lend themselves to a fraud cause of action." *Id.* The Court specifically held that a fraud claim—including exemplary damages-does not conflict with RCLA. *Id.*

■ We believe that a fraud claim does conflict with RCLA to some extent, and is governed by RCLA **to that extent**—for example, with respect to the type and amount of actual damages recoverable. *See* TEX. PROP.CODE ANN. §§ 27.002(a), 27.004 (Vernon 2000). However, we find no indication in RCLA that the Legislature intended to immunize residential construction contractors from the punitive consequences of fraud, if fraud exists. To read such a limitation into the statute would be to supply language that the Legislature did not provide and, further, would do so in a way that would seem contrary to the public policy of this State-which we believe is to discourage fraud by imposing punitive damages where fraud occurs.

Appellee's motion for rehearing is overruled.

We next consider appellants' motion for rehearing. Appellants argue that we have misapplied the relation-back statute. We have reconsidered our decision and believe that our opinion correctly applies the statute. We overrule appellants' motion for rehearing.

MOTIONS FOR REHEARING OVERRULED.

---

1. Appellee also cites *Perry Homes v. Alwattari,* 33 S.W.3d 376 (Tex.App.—Fort Worth 2000, pet. filed) and *O'Donnell v. Bullivant of Texas, Inc.,* 940 S.W.2d 411 (Tex.App.—Fort Worth 1997, pet. denied), *overruled in part by Alwattari,* 33 S.W.3d 376, 383–84. In effect, both cases hold that RCLA does not preempt the cause of action if a reasonable settlement offer was not made by the contractor. Appellee cites two unpublished opinions, in violation of TEX.R.APP. P. 47.7. Finally, appellee cites *In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522 (Tex.App. Houston—[14th Dist.] 1998, no writ), but we note that the court stated there that "[t]he issue here, however, is not whether the RCLA preempts the real parties' fraud claims, but whether the real parties state a claim under the RCLA." *Id.* at 526. Except in *Bruce,* the basis for the decision in the published cases was not the preemptive effect of RCLA.