ACCEPTED
03-14-00644-CV
8263248
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 12:40:57 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00644-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 12:40:57 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

JOSE A. PEREZ

Appellant

Vs.

TEXAS MEDICAL BOARD and  MARI ROBINSON JD, in her Official Capacity

Appellees.

Appeal from the 53rd Judicial District Court
Travis County , Texas

Appellant's Motion For Rehearing

Jose A. Perez
34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

# TABLE OF CONTENTS

Introduction............................................................................6

Argument..............................................................................6

**Issues**

The Court's finding that statutes adopted after Mr. Perez became a physician assistant in 1994 apply to him is in error;

The Court's finding that Mr. Perez' right to work as a physician assistant can be revoked by an administrative agency is in error;

The Court's finding that the Texas Legislature has conferred exclusive jurisdiction on the PAB is in error;

The Court's finding that the relationship between the narcotic drug seeking complainant and Mr. Perez was that of a patient-physician assistant relationship is in error.

Table of Authorities..............................................................2

Conclusion.........................................................................15

# TABLE OF AUTHORITIES

## Cases

A.R. Logan v. The State,
5 Texas Court Of Appeals 306 (Tyler-1878)...........................................8

Brazos River Authority v. City of Graham,
335 SW 2d 247, 251 (Tex. Civ. App.--Fort Worth 1960),
aff'd., 354 SW 2d 99 (1961).....................................................14

Bruce v. Jim Walters Homes, Inc.,
943 S.W.2d 121, 122–23 (Tex.App.—San Antonio 1997, writ denied) .........12

Cash Am.Int'l, Inc. v. Bennett,
35 S.W.3d 12, 15 (Tex. 2000)……………………………………………………12

Childs v. Weis,
440 S.W.2d 104, 107 (Tex. Civ. App.--Dallas 1969, no writ)……………………10

Cleveland Board of Education v. Loudermill.,
470 US 532 , 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985)…………………………15

DeCordova v. City of Galveston,
4 Tex. 470, 475 (Tex. 1849)……………………………………………………..7.

Dent vs West Virginia.,
9 S. Ct. 231,129 US 114 (U.S. 01/14/1889)………………………………………8

Engquist v. Oregon Dep't of Agriculture,
 553 U.S. 591 (U.S. 06/09/2008)……………………………………………9, 10

Ex parte Abell,
613 S.W.2d 255, 260 (Tex. 1981)…………………………………………………7

Francisco v. Board of Dental Examiners,
149 S.W.2d 619 (Tex.App. 03/05/1941)……………………………………8, 9

Holland St. John, M.D v. Marty Howard Pope and Sally Bates Pope,
901 S.W.2d 420 (Tex. 06/08/1995) ………………………………………………10

In re Entergy Corp.,
142 S.W.3d 316, 321 (Tex. 2004)…………………………………………………11

Lucas v. South Carolina Coastal Council,
505 US 1003, 1019 (1992)…………………………………………………………13

McCain v. Yost
284 S.W.2d 898, 900 (Tex. 1955)…………………………………………………8

Mellinger v. City of Houston,
 3 S.W. 249, 253 (Tex. 1887)………………………………………………………7

Middletown v. Texas Power & Light Co.,
185 S.W. 556, 560 (Tex. 1916)………………………………………………..7

Paul v. Davis,
424 US 693,  710-11 (1976)…………………………………………………..9

Robinson v. Crowncork & Seal Co., Inc.,
 No. 06-0714 (Tex. 10/22/2010)……………………………………………7, 8

Salas v. Gamboa,
 760 S.W.2d 838, 840 (Tex.App.--San Antonio 1988, no writ)…………………..10

Scott v. Texas State Board of Medical Examiners,
 384 SW 2d 686 (Tx – 1964)………………………………………………8, 9

 Sherman v. State Bd. of Dental Exam'rs,
 116 SW 2d 843  (Tex. Civ. App.--San Antonio 1938, writ ref'd)……………….9

State v. Hale,
136 Tex. 29,146 SW 2d 731 (1941)………………………………………..13

Subaru of Am., Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 220 (Tex.2002)……………………………………………11, 12

Stop the Beach Renourishment, Inc. v. Florida Dep't of Environmental Protection,
No. 08-1151 (U.S. 06/17/2010)………………………………………………13

Swilley v. McCain,
374 SW 2d 871 , 875 (Tex. 1964)…………………………………………..9

Texas Board of Chiropractic Examiners, et al, v. Texas Medical Association, et al,
 No. 03-10-00673-CV (Tex.App. Dist.3 04/05/2012)……………………………13

Texas Vending Comm. v. Headquarters Corp.,
 505 SW 2d 402 (Tex. Civ. App. – Austin - 1974, writ ref'd n.r.e.)………………9

The State v James A. Goldman,
 44 Tex. 104 (1875)………………………………………………………8

Village of Willowbrook v. Olech,
528 US 562 (2000)…………………………………………………………9

Waller v. State,
68 S.W.2d 601 (Tex. Civ. App. -- Amarillo 1934, writ ref'd)…………………9

## US Constitution

Fourteenth Amendment…………………………………………………………9

## Texas Constitution

Tex. Const. art. I, § 16.……………………………………………………7
Tex. Const. Art. 1 §  17.……………………………………………13, 14
Tex. Const. Article 1, § 19.…………………………………………..9
Tex Const. Article XVI, § 31.………………………………………9

## Statutes

Texas Estate Codes § 32.005.…………………………………………..11
Texas Family Code § 155.001.……………………………………………12
Texas Health Code § 464.001.……………………………………………13
Texas Occupations Code § 204. 101(2) -(4).………………………………..7
Texas Occupation Code § 204.302(4).……………………………………7

## Miscellaneous

Gammel, The Laws Of Texas 1822-1897, pp 1381-1383.…………………………9
61 Am. Jur. 2d Physicians and Surgeons § 14, 158.………………………10

## INTRODUCTION

By this Motion For Rehearing Mr. Perez asks the Appellate Court to respectfully revisit its December 10th . 2015 in order to prevent a gargantuan miscarriage of justice. Mr. Perez has been arbitrarily deprived of his right to earn a

living. He is being subjected to expost facto laws and denied his right to equal treatment under the law.

## ISSUES

The Court's finding that statutes adopted after Mr. Perez became a physician assistant in 1994 apply to him is in error;

The Court's finding Mr. Perez' right to work as a physician assistant can be revoked by an administrative agency is in error;

The Court's finding that the Texas Legislature has conferred exclusive jurisdiction on the PAB is in error;

The Court's finding that the relationship between the narcotic drug seeking complainant and Mr. Perez was that of a patient-physician assistant relationship is in error.

## I

## THE TEXAS OCCUPATION CODE CH 204, INTER ALIA, TAKES AWAY OR IMPAIRS VESTED RIGHTS

In the December 10th , 2015 Order the Third District Court of Appeals ruled that the Physician Assistant Board (PAB) has exclusive jurisdiction over Physician Assistants pursuant to Texas Occupations Code Ch 204. 101(2) -(4).  The historical revision notes state : Acts 1999, 76th Leg., ch. 388, Sec. 1**, eff. Sept. 1, 1999**. Consequently , the statute is proscribed by  Tex. Const. art. I, § 16 as applied to Mr. Perez.

The referenced Order also states that the PAB alleges that Mr. Perez violated Sec 204.302(4)[1] . The historical revision notes state : Acts 1999, 76th Leg., ch. 388, Sec. 1, **eff. Sept. 1, 1999.** Consequently, the statute is proscribed by Tex. Const. art. I, § 16 as applied to Mr. Perez

The Order states that Mr. Perez must sue the Physician Assistant Board (PAB). But the law in effect in 1994 – **the PA Licensing Act of 1993** , HB 2498, 73rd Regular Session , Chapter 214, Section 2 (2) created the Physician Assistant Council not the Physician Assistant Board. Consequently, the statute is proscribed by Tex. Const. art. I, § 16 as applied to Mr. Perez

The Texas Supreme Court has declared that : the Texas Constitution states that "no bill of attainder , ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made[2] . A retroactive law literally means a law that acts on things which are past[3]. A retroactive statute violates Texas Constitution if, when applied, it takes away or impairs vested rights acquired under existing law[4]. A vested right is a property right, which the Constitution protects like any other property[5].

---

[1] [The Physician Assistant] acts in an unprofessional or dishonorable manner that is likely to deceive, defraud, or injure the public;
[2] Robinson v. Crowncork & Seal Co., Inc., No. 06-0714 (Tex. 10/22/2010) citing Tex. Const. art. I, § 16
[3] Id citing DeCordova v. City of Galveston, 4 Tex. 470, 475 (Tex. 1849).
[4] Robinson v. Crowncork & Seal Co., Inc., No. 06-0714 (Tex. 10/22/2010) Id citing Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981); McCain v. Yost,284 S.W.2d 898, 900 (Tex. 1955).
[5] Id citing Middletown v. Texas Power & Light Co., 185 S.W. 556, 560 (Tex. 1916).

A right has been well defined to be a well founded claim and a well founded claim means nothing more nor less than a claim recognized or secured by law[6] A right, in a legal sense, exists when in consequence of given facts the law declares that one person is entitled to enforce against another a claim, or to resist the enforcement of a claim urged by another[7].

**Mr Perez acquired the right to work as a physician assistant in Texas on September 22nd, 1994**[8]. The right to work in a lawful profession is protected by the Fourteenth Amendment and Texas Constitution Article 1, Section 19 [9]. In Texas the right to work as a health practitioner is regulated exclusively by Texas Constitution  Article XVI, Section 31[10].

The Texas Supreme Court has ruled that Texas Constitution  Article XVI, Section 31 authorizes the Texas Medical Board to **initially** determine whether a

---

[6] Mellinger v. City of Houston, 3 S.W. 249, 253 (Tex. 1887);
[7] id
[8] Record on Appeal pp 3-4
[9] Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.App. 03/05/1941); Dent vs West Virginia., 9 S. Ct. 231,129 US 114 (U.S. 01/14/1889)
[10] A.R. Logan v. The State, 5 Texas Court Of Appeals 306 (Tyler-1878) ; The State v James A. Goldman, 44 Tex. 104 (1875)

The Texas Supreme Court ruled therein :

" When a party has received the degree of " Doctor of Medicine" from an established and well-*accredited college, no matter where he go throughout the state or whatever may have been its date , he is not required to produce any other evidence of his qualification. **So when he has been examined by an authorized Board of Medical examiners and has received a certificate of qualification[10], he is not required to undergo a subsequent examination, nor furnish at any** time any other additional prove of his qualifications."

putative medical practitioner is qualified to practice medicine[11]. Once the right to practice medicine is lawfully acquired, as here, it is a right or protected by the due process clauses of the state and federal constitutions[12] <u>and can only be revoked for cause by the judicial branch before a jury</u>[13]. **<u>That was the manner in which it was done at common law</u>[14].** Consequently the referenced Order transgresses upon, inter alia, Mr. Perez' due process of law right and his right to trial by jury.

Mr. Perez has a right to equal treatment under the law[15]. He also has a right to binding precedent[16]. As shown hereinabove Mr., Perez became a physician

---

[11] Scott v. Texas State Board of Medical Examiners, 384 SW 2d 686 (Tx - 1964) (It is seen from the legislative history of the Medical Practice Act that from the beginning the revocation of a medical license has been committed to the district courts as a judicial function. **It has been traditionally so...**There is a difference, legislatively recognized through the years, between an exercise of the power to examine and issue a medical license, and an exercise of the power to revoke a medical license for cause.); see also Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.App. 03/05/1941)

[12] Id, citing Vernon's Ann.St.Const. art. 1, § 19; U.S.C.A.Const. amend. 14. Sherman v. State Board of Dental Examiners, Tex.Civ.App., 116 S.W.2d 843, error refused. " Waller v. State, 68 S.W.2d 601, 605 (Tex. Civ. App. -- Amarillo 1934, writ ref'd)) Liberty or property interests protected under the Due Process Clause "attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law . . . ." Paul v. Davis,424 US 693, 710-11 (1976).

[13] Texas Vending Comm. v. Headquarters Corp., 505 SW 2d 402 (Tex. Civ. App. – Austin - 1974, writ ref'd n.r.e.) quoting     Scott v. Texas State Board of Medical Examiners, supra.

[14] Id; see also Gammel, The Laws Of Texas 1822-1897, pp 1381-1383,  1421. An Act to create a Board of Medical Censors , signed by the Honorable Sam Houston on December 14th, 1837, Amended December 16th, 1837.  Section 3 therein grants the Board of Medical Censors the authority to grant medical licenses to qualified applicants. It does not state therein that the Board had the authority to impose administrative fines nor to revoke  licenses.

[15] Engquist v. Oregon Dep't of Agriculture, 128 S.Ct. 2146, 553 U.S. 591, 170 L.Ed.2d 975 (U.S. 06/09/2008) citing Village of Willowbrook v. Olech, 528 US 562 (2000)

[16] Swilley v. McCain, 374 SW 2d 871 , 875 (Tex. 1964). (After a principle, rule or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties.)

assistant in 1994. At the time his profession was regulated by Texas Constitution

Article XVI, Section 31 and the **1993** PA Licensing Act

## II

## THERE WAS NO
## PATIENT-PHYSICIAN ASSISTANT RELATIONSHIP BETWEEN
## THE NARCOTIC DRUG SEEKING COMPLAINANT AND MR. PEREZ

In the referenced Order the Court Of Appeals states that the PAB was alleging

that Mr. Perez made "rude" or dismissive remarks to a "patient". The

Appellees/Defendants have not, and cannot allege that there was a patient-

physician assistant relationship between the narcotic drug seeking complainant and

Mr. Perez[17].

The Texas Supreme Court has ruled that a physician is under no legal obligation

to practice his profession or render services to whomsoever may request them[18].

They have also ruled that a physician is not to be penalized for arbitrarily refusing

to respond to a call of a person even urgently in need of medical or surgical

assistance provided that the relation of physician and patient does not exist at the

time the call is made or at the time the person presents himself for treatment[19]. The

---

[17] Amended Petition to quash an administrative Order pp 4-6
[18] Holland St. John, M.D v. Marty Howard Pope and Sally Bates Pope, 901 S.W.2d 420 (Tex. 06/08/1995) (As is true of all callings, physicians are not obligated to practice their profession or render services to everyone who asks. It is only with a physician's consent, whether express or implied, that the doctor-patient relationship comes into being.); Salas v. Gamboa, 760 S.W.2d 838, 840 (Tex.App.--San Antonio 1988, no writ) quoting Childs v. Weis, 440 S.W.2d 104, 107 (Tex. Civ. App.--Dallas **1969**, no writ).
[19] . Id. See 61 Am. Jur. 2d Physicians and Surgeons § 14, 158.

mere fact that a doctor is "on call" does not in itself impose any duty[20]. The Appellees/Defendants have not, and cannot, claim that legal principles identified hereinabove do not apply to Mr. Perez.

II

## THE TEXAS LEGISLATURE HAS NEVER CONFERRED EXCLUSIVE JURISDICTION TO THE PHYSICIAN ASSISTANT BOARD

The Court of Appeals states in the referenced Order that the Legislature conferred exclusive administrative jurisdiction to PAB[21].

An agency has exclusive jurisdiction when the Legislature , not the courts, has granted that agency in clear and precise terms the sole authority to make an initial determination in a dispute[22]. No presumption exists that an administrative agency has jurisdiction to resolve a dispute[23]. Whether an agency has exclusive or primary jurisdiction depends upon statutory interpretation, which is a question of law[24]. Whether or not the PAB has exclusive jurisdiction over physician assistants is an issue of first impression. Examples of instances where the Legislature has granted exclusive jurisdiction include:

Texas Estate Codes

---

[20] St. John, 901 S.W.2d at 424.

[21] Order p3 and FN 8.

[22] In re Entergy Corp., 142 S.W.3d 316, 321 (Tex. 2004)

[23] *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002).

[24] *McDavid Nissan*, 84 S.W.3d at 221–22.

: Sec. 32.005. **EXCLUSIVE JURISDICTION OF PROBATE PROCEEDING** IN COUNTY WITH STATUTORY PROBATE COURT. (a) In a county in which there is a statutory probate court, the statutory probate court has <u>exclusive jurisdiction</u> of all probate proceedings, regardless of whether contested or uncontested.

Texas Family Code:

Sec. 155.001. ACQUIRING CONTINUING, **EXCLUSIVE JURISDICTION.** (a) Except as otherwise provided by this section, a court acquires continuing, <u>exclusive jurisdiction over the matters provided for by this title</u> in connection with a child on the rendition of a final order.

Mr. Perez challenges the Appellees/Defendants to show where such specific language appears in the Occupation Code.

Without a clear or plain legislative statement of exclusivity, Texas courts can not hold that a statute creating an administrative right and remedy has abrogated a common-law right in favor of an exclusive administrative remedy[25]. So absent a clear or plain statement, Texas courts will decide that the agency and the courts have concurrent jurisdiction over the matter[26]. The Appellate Court failed or refused to do so, Mr. Perez right to equal treatment under the law notwithstanding.

The facts show that it was Mr. Perez' professional conclusion that Ms XYZ had a drug addiction. The facts show that Ms XYZ was using headaches and other ailments as a subterfuge to obtain controlled medication. . The facts also show that

---

[25] Cash Am.Int'l, Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000) Bruce v. Jim Walters Homes, Inc., 943 S.W.2d 121, 122–23 (Tex.App.—San Antonio 1997, writ denied)  statute may be interpreted as abrogating common-law principle only when its express terms or necessary implications clearly indicate legislature's intent to do so).
[26] *McDavid Nissan*, 84 S.W.3d at 220

the patient and her husband refused to allow Mr. Perez to examine her. Mr. Perez does not have permission from the Federal Drug Enforcement Agency nor the Texas Department of Health to treat drug addiction[27].

## III

## MR. PEREZ RIGHT TO THE RESPONDEAT SUPERIOR DEFENSE

The Physician Assistant Act of 1993 made the supervising physician legally liable for the acts of the physician Assistant[28]. Consequently, Mr Perez objects to the PAB persecuting Mr. Perez instead.

IV

## MR. PEREZ' RIGHT TO BE
## COMPENSATED FOR THE TAKING OF HIS PROPERTY

Mr. Perez has a right to be compensated when his property is taken for public use. The Texas Constitution and US Supreme Court opinions[29] hold that Defendants are not entitled to claim immunity from Mr. Perez' suit. First, under State v. Hale, 136 Tex. 29,146 SW 2d 731, 736. The Supreme Court of Texas speaking through Judge Sharp said:

> "*The language used in Section 17 of Article 1 of the Constitution, supra, which says that no person's property shall be taken or damaged for public*

---

[27] Texas Board of Chiropractic Examiners, Glenn Parker, Executive Director, and v. Texas Medical Association, Texas Medical Board, and the State of Texas, No. 03-10-00673-CV (Tex.App. Dist.3 04/05/2012), see also Texas Health Code Sec. 464.001

[28] – the PA Licensing Act of 1993 , HB 2498, 73rd Regular Session , Chapter 214, Section 17.

[29] Stop the Beach Renourishment, Inc. v. Florida Dep't of Environmental Protection, No. 08-1151 (U.S. 06/17/2010) citing Lucas v. South Carolina Coastal Council, 505 US 1003, 1019 (1992)

*use without adequate compensation being made, __has no exceptions or limitations attached thereto__. It is a clear, definite statement of the rule which prevails in this State, **which controls all the departments of the State** government; and the liability for adequate compensation for private property taken or damaged for public use is not based upon the ground that the act of taking or damaging such property was done negligently or intentionally. \* \* \*(emph added)*

Article 1, Section 17, of the Texas Constitution, Vernon's Ann.St. provides that "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; \* \* \*." Since there are no exceptions or limitations attached to the constitutional provision, the State itself is not exempt from its requirements[30]. Agencies created by the State are not exempt[31]. The Third District Panel did not explain the reason Mr, Perez was not entitled to compensation.

The Appellees/Defendants have not, and can not , identify the statute in effect in 1994 which removed those vested rights from physician assistants. The defendants have not, and can not, identify the basis for asserting that Mr. Perez waived his vested rights as identified herein. The defendants have not, and can not, identify the legal basis for concluding that Mr. Perez can not challenge the Constitutionality of the statutes which adversely affect his

---

[30] Brazos River Authority v. City of Graham, 335 SW 2d 247, 251 (Tex. Civ. App.--Fort Worth 1960), aff'd., 354 SW 2d 99 (1961).
[31] id

rights[32].

WHEREFORE. Mr Perez respectfully submits that, the Trial Court's decision be reverse and the case remanded.

Respectfully Submitted,

_____/S/__Jose A Perez_____

34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

---

[32] Cleveland Board of Education v. Loudermill.,470 US 532 , 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985) ; Loudermill involved a challenge to an Ohio civil service statute that provided that a civil servant was entitled to retain his position during good and efficient service, and could not be dismissed except for "misfeasance, malfeasance, or nonfeasance in office." Id. at 539. The Court in Loudermill concluded that just because an entitlement arose from state law did not mean that the legislature had the right to define the procedures to be followed to protect that entitlement. "The point is straightforward: the Due Process clause provides that certain substantive rights-- life, liberty, and property--cannot be deprived except pursuant to constitutionally adequate procedures." Id. at 541. Once a legislature confers a property interest, it may not deprive a recipient of that property interest without adequate procedures even though a legislature may have elected not to confer a property interest in the first instance. Id. The "bitter with the sweet"*fn38 doctrine advocated by Tyler in the case at hand was rejected by the Court in Loudermill. Once a legislature has conferred a property interest in employment by enacting a statute that defines the terms of the employment, as is the case here, that interest is protected by the procedural guarantees of the due process clause. The state statute that defines the protected property interest may not also restrict the procedures that protect that interest. Id.
See also : Kadrmas v. Dickinson Public Schools, 487 U.S. 450 (1988). "The Kadrmas Court addressed a scenario where a student challenged a North Dakota statute which permitted some school districts to charge a user fee for bus service. Before challenging the statute on constitutional grounds, the student partially paid the fee and regularly took the bus to school. The defendants argued that this acceptance of the benefit of bus service estopped the student from challenging the statute's constitutionality. Id. at 456. Rejecting this argument, the Court distinguished the Fahey decision because the students did not owe their existence to a statute. Id. The Court continued, "and we doubt that plaintiffs are generally forbidden to challenge a statute simply because they are deriving some benefit from it." Id. at 456-57."

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing "Motion For Rehearing " was served by emailing a copy thereof via the State efiling system on this 16th Day of December 2015 to:

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
ted.ross@texasattorneygeneral.gov
Margaret.Evins@texasattorneygeneral.gov


_____/S/__Jose A Perez_____

Jose A. Perez


## TRAP 9.4(i)(3)
## CERTIFICATE OF COMPLIANCE

This brief was prepared with a conventional 14-point typeface, with footnotes in 12-point typeface. The computer program used to prepare this document determined the word count to be 3787 which includes all words contained in this brief, excepting the cover page and index of authorities.